T.C. Memo. 2005-96


UNITED STATES TAX COURT


MYONG SOO KIM AND SUNG ME HWANG, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17168-02L.          Filed May 3, 2005.


Myong Soo Kim and Sung Me Hwang, pro sese.

Lisa M. Oshiro, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction, as supplemented, on the ground that respondent issued an invalid notice of determination concerning a collection action under section 6330.[1]

_____

[1]Unless otherwise indicated, all section references are to
                                        (continued...)

FINDINGS OF FACT

Petitioners resided in Olympia, Washington, when the petition in this case was filed.

On February 4, 2002, respondent issued a Final Notice-- Notice of Intent to Levy and Notice of Your Right to a Hearing (the NIL) to petitioner Myong Soo Kim (Mr. Kim) with respect to his Federal income tax liability for 1997, and a separate NIL to Mr. Kim and Sung Me Hwang (Ms. Hwang) with respect to their Federal income tax liability for 1999. The NILs informed petitioners of respondent's intent to levy upon their property pursuant to section 6331 and of their right to a hearing with the Internal Revenue Service's (IRS) Office of Appeals (Appeals) under section 6330. In response, petitioners submitted two Forms 12153, Request For a Collection Due Process Hearing (hereinafter section 6330 hearing), one for 1997 and one for 1999, each postmarked March 14, 2002. Respondent received the Forms 12153 on March 18, 2002.

On July 29, 2002, Appeals Officer Geraldine H. Melick (Appeals Officer Melick) was assigned to petitioners' case. By letter dated July 30, 2002, Appeals Officer Melick informed petitioners that their section 6330 hearing requests were not

---

[1](...continued)
the Internal Revenue Code in effect at the time the petition in this case was filed, and all Rule references are to the Tax Court Rules of Practice and Procedure.

timely filed but that they were entitled to an equivalent hearing. When petitioners did not respond to the letter, Appeals Officer Melick sent a second letter, dated August 14, 2002, inviting petitioners to discuss their case with her. Petitioners also failed to respond to the second letter, and no Appeals hearing was conducted.

On September 26, 2002, Appeals issued a Notice of Determination Concerning Collection Action Under Section 6330 (notice of determination) sustaining the proposed levy. The notice of determination addressed the issues raised by petitioners in protesting the levy, stated that the levy was necessary to ensure efficient collection of taxes, and confirmed that the IRS had met the requirements of the applicable laws and administrative procedures. It also clearly stated that it was petitioners' "legal Notice of Determination, as required by law." Furthermore, the notice of determination informed petitioners that if they wanted to dispute the determination in court, they had to "file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter", or by October 28, 2002.

On October 24, 2002, petitioners mailed a letter in an envelope addressed to the "Clerk, United States Tax Court", which we filed on October 31, 2002, as petitioners' imperfect petition. Because the imperfect petition did not meet the requirements of

Rule 331(b), we ordered petitioners to file a proper amended petition by February 14, 2003. On February 21, 2003, petitioners' amended petition was filed.[2] On March 25, 2003, respondent's answer was filed.

On October 8, 2003, respondent's motion to dismiss for lack of jurisdiction was filed. In the motion, respondent alleged for the first time that the notice of determination was invalid. Petitioners objected to respondent's motion. On January 2, 2004, respondent's supplement to his motion to dismiss for lack of jurisdiction was filed.[3] On February 26, 2004, we held a hearing on respondent's motion in Seattle, Washington. Petitioners and counsel for respondent appeared and were heard.

OPINION

## I.  Collection by Levy in General

Section 6331(a) provides that if any taxpayer liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the taxpayer's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy, the Secretary is obliged to provide

---

[2]The amended petition is dated Feb. 12, 2003, and the parties do not dispute its timeliness.

[3]We shall refer to the motion to dismiss, as supplemented, as the motion in this opinion.

the taxpayer with a written notice of his intent to levy and of the administrative appeal available to the taxpayer. Sec. 6331(d)(4)(C).

Section 6330(a) requires the Secretary to send written notice to the taxpayer of his right to request a hearing with Appeals (section 6330 hearing) before a levy is made. Section 6330(a)(2) provides that the prescribed notice must be provided not less than 30 days before the day of the first levy, and section 6330(a)(3)(B) provides that the notice must inform the taxpayer that he has the right to request a section 6330 hearing during the 30-day period under section 6330(a)(2). See sec. 301.6330-1(c), Q&A-C3, Proced. & Admin. Regs. The taxpayer's request for the section 6330 hearing must be submitted in writing. Sec. 301.6330-1(c)(2), Q&A-C1, Proced. & Admin. Regs. If the written request is properly addressed, with postage prepaid, and is postmarked within the applicable 30-day response period, in accordance with section 7502, the request will be considered timely even if it is not received by the IRS office that issued the notice until after the 30-day response period. Sec. 301.6330-1(c)(2), Q&A-C4, Proced. & Admin. Regs.

If a section 6330 hearing is conducted, the taxpayer may raise any relevant matter set forth in section 6330(c)(2) at the hearing, and the Appeals officer shall make a "determination" as to those matters. Sec. 6330(c)(3). Appeals will issue its

determination in the form of a notice of determination setting forth its findings and decisions.  Sec. 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs.  When Appeals issues the notice of determination, the taxpayer has 30 days following the issuance to file a petition for review of the determination with this Court or a Federal District Court, as may be appropriate.  Sec. 6330(d)(1).

A taxpayer who fails to timely request a section 6330 hearing is not entitled to a section 6330 hearing but may nevertheless request an administrative hearing with Appeals that is referred to as an "equivalent hearing".  Sec. 301.6330-1(i)(1), Proced. & Admin. Regs.; see also sec. 301.6330-1(c)(2), Q&A-C7, Proced. & Admin. Regs.  The equivalent hearing generally follows Appeals's procedures for a section 6330 hearing, and Appeals will consider the same issues it would have considered at a section 6330 hearing on the same matter.  Sec. 301.6330-1(i)(1) and (2), Q&A-I1, Proced. & Admin. Regs.  Rather than issue a notice of determination after an equivalent hearing, however, Appeals will issue a decision letter.  Sec. 301.6330-1(i)(1), Proced. & Admin. Regs.  A decision letter generally contains the same information required to be in a notice of determination, except that it ordinarily states in regard to most issues that a taxpayer may not seek judicial review of the decision.  Craig v.

<u>Commissioner</u>, 119 T.C. 252, 258-259 (2002); see also sec. 301.6330-1(i)(2), Q&A-I4 and I5, Proced. & Admin. Regs.

If the Court has general jurisdiction over the type of tax involved, a valid notice of determination and a timely filed petition are the only requirements for the exercise of its jurisdiction under section 6330(d)(1). <u>Lunsford v. Commissioner</u>, 117 T.C. 159, 161 (2001); <u>Sarrell v. Commissioner</u>, 117 T.C. 122, 125 (2001). Section 6330 does not authorize judicial review of an Appeals decision made with respect to an equivalent hearing, and the absence of a determination by Appeals is grounds for dismissal of a petition that purports to be based on section 6330. <u>Kennedy v. Commissioner</u>, 116 T.C. 255, 261 (2001); <u>Offiler v. Commissioner</u>, 114 T.C. 492, 498 (2000); sec. 301.6330-1(i)(2), Q&A-I5, Proced. & Admin Regs.

II. <u>The Parties' Contentions</u>

The parties do not dispute that the Court has general jurisdiction over the Federal income taxes involved,[4] and respondent concedes that the petition was timely filed. Respondent contends, however, that the notice of determination was issued in error and is invalid because petitioners did not

---

[4]This Court generally has jurisdiction over income, gift and estate tax cases for purposes of sec. 6330(d)(1). See secs. 6211(a), 6213(a), 6214(a); <u>Landry v. Commissioner</u>, 116 T.C. 60, 62 (2001); <u>Katz v. Commissioner</u>, 115 T.C. 329, 339 (2000); <u>Van Es v. Commissioner</u>, 115 T.C. 324, 328 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000).

timely request a section 6330 hearing, that the hearing that was offered petitioners was an equivalent hearing and not a section 6330 hearing, and that respondent should have issued a decision letter instead of a notice of determination. Respondent argues that

> Even if Appeals erroneously issued a notice of determination to a taxpayer who filed his/her hearing request late, the mere fact the taxpayer was issued a notice of determination cannot confer jurisdiction on the Tax Court * * *, any more than a decision letter issued to the taxpayer can deprive the Court of jurisdiction under section 6330(d).

Although petitioners object to respondent's motion, they do not specifically contend that the notice of determination is valid. Instead, petitioners argue that their case should not be dismissed, and they challenge the existence and amounts of the income tax liabilities underlying the notice of determination.

III. Analysis

A. Jurisdiction

Respondent relies on Craig v. Commissioner, supra, to support his argument for dismissal. In Craig, the taxpayer timely requested a section 6330 hearing, but Appeals mistakenly conducted an equivalent hearing and subsequently issued a decision letter. Id. at 253, 256. We held that the "decision" contained in the decision letter constituted a "determination" for purposes of section 6330(d) because the taxpayer's request for a section 6330 hearing was timely. Id. at 259. In arriving

at this holding, we examined both the decision letter and the timeliness of the taxpayer's request in order to decide whether Appeals had made a valid determination.

Respondent's reliance on Craig is misplaced. In Craig, Appeals did not issue a notice of determination. Instead, Appeals issued a decision letter that, on its face, did not establish a basis for our jurisdiction. As a result, in order to ascertain whether Appeals had made the determination required by section 6330, we examined both the decision letter and the timeliness of the taxpayer's request for a section 6330 hearing to arrive at our conclusion that the Appeals decision letter contained the determination required by section 6330. Craig does not stand for the proposition that we may look behind a facially valid notice of determination in response to the Commissioner's contention that the notice of determination was erroneously issued. See Lunsford v. Commissioner, supra.

In Lunsford, we were presented with the issue of whether a facially valid notice of determination was sufficient to confer jurisdiction over a section 6330 proceeding in which no section 6330 hearing had been held before the notice of determination had been issued. The taxpayer in Lunsford had timely requested a section 6330 hearing, but no administrative hearing of any kind had been conducted. Id. at 161. Appeals nevertheless issued a notice of determination, and the taxpayer filed a timely

petition. Id. at 162. In deciding whether we had jurisdiction over the resulting section 6330 proceeding, we stated that, consistent with our approach in deficiency cases, we would only examine the notice of determination to decide whether it was valid for jurisdictional purposes and that we would not look behind the notice to assess its validity. Id. at 163-164; see also Offiler v. Commissioner, supra at 498. We further stated:

> Whether there was an appropriate hearing opportunity, or whether the hearing was conducted properly * * *, or whether any of the other nonjurisdictional provisions of section 6330 were properly followed, will all be factors that we must take into consideration under section 6330 in deciding such cases. But none of these factors should preclude us from exercising our jurisdiction under section 6330(d), in order to resolve the underlying dispute in a fair and expeditious manner.

Lunsford v. Commissioner, supra at 164. Accordingly, we held that if Appeals issues a notice of determination that clearly embodies the Appeals officer's determination concerning collection by way of levy and the taxpayer timely files a petition contesting the determination, then regardless of whether the taxpayer was given an appropriate hearing opportunity, we have jurisdiction to review the determination. Id. at 165.

Although neither Lunsford nor Craig is exactly on point, the facts of this case more closely resemble those of Lunsford than Craig. Petitioners requested a section 6330 hearing, but no Appeals hearing was conducted. Appeals then issued a notice of determination. The notice of determination is valid on its face,

in that it was mailed to the last known address of petitioners, it clearly contains the determination of Appeals that the requirements of section 6330 have been met and that the levy action should be sustained, and it informs petitioners that they may appeal the determination to this Court.  There is nothing in the notice of determination that leads us to conclude that the notice is invalid.  Therefore, regardless of whether Appeals should have issued a decision letter, a notice containing the determination of Appeals was issued, and it is this determination that triggers our jurisdiction under section 6330(d), if, as here, we have general jurisdiction over the type of tax involved and a timely petition for review has been filed.

B.  Petitioners' Claim to Section 6330 Relief

Although we reject respondent's argument that we must dismiss this case for lack of jurisdiction, it is nevertheless apparent that petitioners are not entitled to relief under section 6330.  We shall treat respondent's motion as a motion for summary judgment[5] under Rule 121, and we shall grant respondent's

[5]Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520

(continued...)

motion as recharacterized because there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law.

The undisputed relevant facts establish that petitioners failed to timely request a section 6330 hearing within the 30-day period provided by section 6330(a)(2).  Sec. 301.6330-1(c)(1), Proced. & Admin. Regs.  Respondent issued the NILs on February 4, 2002.  In response to the NILs, petitioners submitted two Forms 12153, Request For a Collection Due Process Hearing, each of which was postmarked March 14, 2002.  Respondent received the Forms 12153 on March 18, 2002.  The Forms 12153 were not mailed by petitioners or received by respondent within the 30-day period beginning on February 4, 2002.

Section 6330 requires a taxpayer to timely request a section 6330 hearing.  Sec. 6330(a)(3); sec. 301.6330-1(c)(1) and (2), Q&A-C3, C5-C7, Proced. & Admin. Regs.; see also Craig v. Commissioner, 119 T.C. at 257; Kennedy v. Commissioner, 116 T.C. at 262; Offiler v. Commissioner, 114 T.C. at 497.  Petitioners did not do so.  Section 6330 does not authorize the Commissioner to waive the time restrictions imposed therein, nor does it

---

[5](...continued)
(1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

authorize the Commissioner to lengthen or shorten the 30-day period for requesting a section 6330 hearing.  <u>Moorhous v. Commissioner</u>, 116 T.C. 263, 270 n.5 (2001); <u>Kennedy v. Commissioner</u>, <u>supra</u> at 262.

In this case, because petitioners did not timely request a section 6330 hearing, petitioners were not entitled to such a hearing and were not offered one.  Consequently, we shall grant respondent's deemed motion for summary judgment.

IV.   <u>Conclusion</u>

Although we deny respondent's motion insofar as it asks us to dismiss this case for lack of jurisdiction, it is clear that petitioners are not entitled to relief under section 6330.  We have treated respondent's motion as a motion for summary judgment, and we shall grant respondent's motion because petitioners did not timely request a section 6330 hearing.

<u>An appropriate order and decision will be entered</u>.