T.C. Memo. 2006-20

UNITED STATES TAX COURT

JOHN F. AND CAROLYN J. JOSEPH, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6799-04L.                    Filed February 8, 2006.

John F. Joseph, pro se.

Paul Butler, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, Judge:  Respondent sent petitioners a Notice of
Determination Concerning Collection Action(s) Under Section 6320[1]
and/or 6330 in which respondent determined to proceed with
collection by levy of petitioners' income taxes for 1998-2001.

_____

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code in effect at relevant times.  Rule
references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 6330(d), petitioners seek our review of respondent's determination. The issue for decision is whether respondent's determination was an abuse of discretion.

FINDINGS OF FACT

Some of the facts have been deemed stipulated pursuant to Rule 91(f). The deemed stipulations, with accompanying exhibits, are incorporated herein by this reference.

Petitioners, John F. Joseph and Carolyn J. Joseph,[2] husband and wife, resided in Silver Spring, Maryland, when they filed their petition in this case. John F. Joseph (petitioner) is 69 years of age and has a master's degree. He is a chemical engineer employed by the U.S. Department of Energy at a grade of GS-15.

Petitioners began to experience financial difficulties when their son was diagnosed with a terminal illness. Petitioners' son died in December 2000.

Petitioners filed joint income tax returns for 1998 through 2001 but did not pay the balances due shown on the returns. In November 2000, petitioners entered into an installment agreement with respondent with respect to their 1998 and 1999 income tax liabilities. Petitioners agreed that during the term of the

_____

[2]Carolyn J. Joseph did not appear at trial. The Court sua sponte will dismiss the case for lack of prosecution with respect to her and enter a decision for respondent with respect to her consistent with the decision entered with respect to John F. Joseph.

installment arrangement they would (1) make monthly payments of $400, (2) timely file all tax returns, and (3) timely pay all Federal taxes that become due.  Petitioners paid $400 monthly from January through July 2001.  They did not make an installment payment in August 2001.

After petitioners failed to make the August 2001 payment, the installment agreement was revised to include unpaid taxes for 2000, and the amount of the monthly payments was increased to $700.  Petitioners paid $676 in September 2001 and made monthly payments of $700 from October 2001 through July 2002 and in October 2002.[3]  They did not make a payment in August or September 2002 or after October 31, 2002.

On January 4, 2003, the Internal Revenue Service (IRS) mailed to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (the levy notice) with respect to petitioners' liability for income taxes for 1998-2001.  The levy notice reflects the following unpaid tax liabilities for 1998-2001:

---

[3]Petitioners made two payments of $700 each in January 2002 but did not make a payment in February 2002.

| Year | Income Tax | Statutory Additions | Total |
|------|-----------|---------------------|-------|
| 1998 | $5,026.51 | $2,416.16 | $7,442.67 |
| 1999 | 6,688.98 | 3,015.57 | 9,704.55 |
| 2000 | 4,569.00 | 764.60 | 5,333.60 |
| 2001 | 3,709.99 | 143.13 | 3,853.12 |

On January 27, 2003, petitioners filed a Form 12153, Request for a Collection Due Process Hearing.

On May 21, 2003, the IRS Appeals Office sent a letter to petitioners that acknowledged receipt of their request for a hearing and explained the appeal process. On June 18, 2003, the IRS Appeals Office sent petitioners a letter requesting that they submit certain information, including a completed collection information statement. On July 14, 2003, the Appeals officer assigned to conduct the administrative hearing sent a letter to petitioners requesting that they call her to schedule the hearing.

Petitioners submitted a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals (collection statement). On the collection statement, petitioners stated that the value of their residence was $280,000, subject to a $79,000 mortgage, and that they owned other real property valued at $260,000. The value of the real property stated on the collection statement was based on the assessed value of the property for property tax purposes. On the collection statement,

petitioners stated that they had a combined monthly income of $8,924 and total expenses of $7,546.

On January 21 and February 26, 2004, the Appeals officer spoke by telephone with petitioner concerning payment of petitioners' outstanding tax liabilities. Petitioner requested that he be allowed to pay petitioners' tax liability in monthly installments of $700.

The Appeals officer advised petitioner that she could not consider an installment agreement calling for monthly payments of $700 unless the balance due for all years was reduced to $25,000 or less. Petitioner told the Appeals officer that he could not pay the $4,000 required to reduce the balance to $25,000. The Appeals officer informed petitioner that since he could not bring the balance to $25,000, any new installment agreement would require petitioners to pay monthly installments in an amount equal to the amount of their available income after necessary expenses. The Appeals officer suggested that petitioners borrow against the equity in their real property and/or other assets to pay the balance in full. Petitioner did not agree to the alternatives suggested by the Appeals officer.

Petitioners did not raise any spousal defenses.

The IRS Appeals Office issued a notice of determination dated April 2, 2004, sustaining the proposed collection by levy.

On April 23, 2004, petitioners filed a petition in this Court challenging respondent's determination.

OPINION

Section 6330 entitles a taxpayer to notice and an opportunity for a hearing before the IRS can proceed with tax collection by levy. Upon request, a taxpayer is entitled to a fair hearing before an impartial Appeals officer. Sec. 6330(b)(1), (3). At the hearing, the Appeals officer is required (1) to verify that the requirements of any applicable law or administrative procedure have been met, and (2) to consider any relevant issue the taxpayer raises relating to the unpaid tax or the proposed levy. Sec. 6330(c)(1) and (2)(A). Relevant issues include an appropriate spousal defense, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may challenge the existence or amount of the underlying tax liability if he/she did not receive a statutory notice of deficiency for the tax liability or did not have an opportunity to dispute it. Sec. 6330(c)(2)(B).

Following the hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the issues raised by the taxpayer at the hearing and whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that

the collection action be no more intrusive than necessary. Sec. 6330(c)(3). If the Commissioner issues a determination letter to the taxpayer following an administrative hearing, the taxpayer may file a petition for judicial review of that determination. Sec. 6330(d)(1); Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). We have jurisdiction over this matter because petitioners filed a timely petition for review in response to respondent's valid notice of determination to proceed with collection of their income tax liabilities. See sec. 6330(d)(1); Lunsford v. Commissioner, 117 T.C. 159 (2001); Sarrell v. Commissioner, 117 T.C. 122 (2001); Sego v. Commissioner, 114 T.C. 604, 610 (2000); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

Petitioners do not dispute the existence or amount of the underlying tax liabilities for 1998-2001. Thus, we must determine whether the determination to proceed with collection of those tax liabilities by levy was an abuse of respondent's discretion.

The Internal Revenue Manual (IRM), together with section 301.6159-1, Proced. & Admin. Regs., establishes the IRS's procedures for determining whether an installment agreement will facilitate collection of the liability. See Orum v. Commissioner, 123 T.C. 1, 13 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Etkin v. Commissioner, T.C. Memo. 2005-245; McCorkle v.

Commissioner, T.C. Memo. 2003-34; Schulman v. Commissioner, T.C. Memo. 2002-129. When determining whether an installment agreement will facilitate the collection of tax, the IRS considers the taxpayer's ability to pay the tax by analyzing the taxpayer's assets, liabilities, and monthly income and expenses. Schulman v. Commissioner, supra. In determining the amount a taxpayer is able to pay, the IRS allows the taxpayer to offset income with certain necessary or conditional expenses, provided the taxpayer substantiates them. Id. (citing 2 Administration, IRM (CCH), secs. 5.15.1 to 5.15.1.4, at 17,653-17,660). "Necessary" expenses are those that provide for a taxpayer's health and welfare and/or the production of income. 2 Administration, IRM (CCH), sec. 5.15.1.3(2), at 17,655. "Conditional" expenses are any expenses other than "necessary" expenses. Id. secs. 5.15.1.7(6), at 17,661, 5.15.1.3(3), at 17,655. An Appeals officer may allow "excessive necessary" and "conditional" expenses, provided that the tax liability, including all accruals, will be paid within 5 years. Id. sec. 5.15.1.3(4).

On the collection statement submitted to the Appeals officer, petitioners stated that they had a combined monthly income of $8,924 and total expenses of $7,546.[4] Thus, without

---

[4]The IRS determined that petitioners had a combined gross monthly income of $14,382. Moreover, petitioners were unable to
(continued...)

eliminating any expense as unnecessary or unsubstantiated, petitioners had at least $1,378 of monthly income available to pay their tax liabilities. Additionally, petitioners stated that the current value of their residence was $280,000, subject to a $79,000 mortgage, and that they owned other real property valued at $260,000.

On the basis of the entirety of the record, we conclude that respondent did not abuse his discretion in determining that petitioners' proposed installment agreement did not reflect their ability to pay. Petitioners' tax liability, including projected accruals, would not be fully paid within 5 years under an installment agreement permitting monthly payments of $700. Petitioners have sufficient equity in their real property and other assets to pay the tax liability. Consequently, we are satisfied that respondent did not abuse his discretion in denying petitioners' proposed installment agreement.

This case was set for trial on June 10, 2005. During that proceeding petitioner gave respondent's counsel a check for $4,000, and the parties and the Court agreed to continue the case until August 30, 2005, to allow petitioner time to attempt to make arrangements to pay the balance of the tax liabilities for the years at issue.

---

[4](...continued)
verify to the satisfaction of the IRS the amount claimed as their monthly expenses.

On August 30, 2005, this case was recalled.  At that
hearing, petitioner informed the Court that he had been unable to
borrow from his thrift savings account, obtain a home equity
loan, or otherwise arrange to pay the balance of the tax
liabilities.  He asked that respondent give him "a few months
more and then I can pay off the entire thing".[5]

While we sympathize with petitioners over the loss of their
son and the financial burden it placed upon them, during the
administrative proceedings petitioners made no offers of
collection alternatives other than to reinstate an installment
agreement that does not reflect their ability to pay, nor did
they raise any spousal defenses or challenges to the
appropriateness of the levy.

In conclusion, we hold that respondent's determination to
proceed with collection by levy of petitioners' income taxes for

---

[5]In petitioners' answering brief, filed with the Court on
Jan. 13, 2006, petitioner requests that he be allowed to postpone
payment of his tax liabilities until January 2007 to allow time
to process a new loan from his thrift savings account after the
existing loan is repaid in full in October 2006.  Petitioner asks
the Court to remand the case to respondent's Appeals Office to
consider that proposal.  We will not consider a proposal not made
during the administrative proceedings.  Moreover, petitioners
have over $1,000 of monthly income available to pay their tax
liabilities and/or to pay down the outstanding loan from the
thrift savings plan.  Yet during the 21 months since they filed
the petition in this case, petitioners have not increased the
monthly payments on the existing loan from petitioner's thrift
savings account and have paid only $4,000 toward their tax
liabilities.  Under these circumstances, petitioner's request is
unreasonable.

1998-2001 was not an abuse of discretion.  To reflect the foregoing,

<u>An appropriate order of dismissal and decision will be entered</u>.