117 T.C. No. 11

UNITED STATES TAX COURT

ERVIN MICHAEL SARRELL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6044-01L.                    Filed September 25, 2001.

On Mar. 30, 2001, R mailed to P a Notice Of
Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330 regarding P's tax liability
for 1995.  The notice of determination was mailed to P
at an address in Israel.  On May 7, 2001, the Court
received and filed a Petition for Lien or Levy Action
Under Code Section 6320(c) or 6330(d).  The petition
arrived at the Court in a properly addressed envelope
bearing a postmark indicating that it was mailed from
Israel.

R moved to dismiss the petition for lack of
jurisdiction on the ground that the petition was not
filed within the 30-day period prescribed in sec.
6330(d)(1)(A), I.R.C.

Held:  The Court lacks jurisdiction over the
petition because it was not timely filed.  P cannot
rely on the so-called timely mailing/timely filing rule
of section 7502(a), I.R.C., because that rule does not

apply to foreign postmarks.  Further, unlike sec.
6213(a), I.R.C., which is applicable to deficiency
actions, sec. 6330, I.R.C., does not provide an
expanded filing period when a notice of determination
is addressed to a person outside the United States.

Ervin Michael Sarrell, pro se.

William J. Gregg, for respondent.

## OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with
and adopts the opinion of the Special Trial Judge, which is set
forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court
on respondent's Motion to Dismiss for Lack of Jurisdiction on the
ground that the petition was not filed within the 30-day period
prescribed in section 6330(d)(1)(A).  As explained below, we
shall grant respondent's motion to dismiss.

## Background

On March 30, 2001, the Internal Revenue Service Appeals

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

Office in New Orleans, Louisiana, issued to petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 regarding petitioner's unpaid Federal income tax liability for 1995. The notice of determination was sent to petitioner by registered mail addressed to him at Hairus 7 Moshav Gan Haim 44910, Israel (Israel address). The notice of determination informed petitioner that if he wanted to dispute respondent's determination in court, then he must file a petition with this Court "within 30 days from the date of this letter."

On May 7, 2001, the Court received and filed a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d). The petition, which is dated April 29, 2001, arrived at the Court in a properly addressed envelope that petitioner mailed to the Court from the Israel address. The envelope bears a sticker from the Israel Postal Authority indicating that it was sent by registered mail; the envelope also bears a number of Israeli postage stamps, which appear to have been canceled by the Israel Postal Authority on April 30, 2001.

As indicated, respondent moved to dismiss the petition for lack of jurisdiction on the ground that the petition was not timely filed. In particular, respondent contends that because the envelope in which the petition was mailed to the Court bears a foreign postmark, petitioner may not rely on the so-called timely mailing/timely filing rule set forth in section 7502(a).

Petitioner filed an objection to respondent's motion asserting that because of intervening Jewish holidays, including Passover and Holocaust Memorial Day, and slow rural mail delivery in Israel, he did not receive the notice of determination until April 24, 2001.  Petitioner further asserted that he was delayed in mailing his petition to the Court as a consequence of additional holidays, including Israeli Memorial Day and Israeli Independence Day.  Petitioner's objection included as an exhibit a copy of what appears to be an Israel Postal Authority receipt indicating that petitioner mailed his petition to the Court on Monday, April 30, 2001.

This matter was called for hearing at the Court's motions session held in Washington, D.C.  Counsel for respondent appeared at the hearing and offered argument in support of the motion to dismiss.  There was no appearance by or on behalf of petitioner.

## Discussion

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by way of a levy upon the person's property. Section 6331(d) provides that, at least 30 days prior to proceeding with enforced collection by way of a levy on a person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the

administrative appeals available to the person.

In the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 746, Congress enacted new section 6320 (pertaining to liens) and new section 6330 (pertaining to levies) to provide protections for taxpayers in tax collection matters. Section 6330 generally provides that the Commissioner cannot proceed with enforced collection by way of levy until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

When the Appeals Office issues a determination letter to a taxpayer following an administrative hearing regarding a notice of intent to levy, section 6330(d)(1) provides that the taxpayer will have 30 days following the issuance of such determination letter to file a petition for review with the Tax Court or, if the Tax Court does not have jurisdiction over the underlying tax liability, with a Federal District Court. See Offiler v. Commissioner, 114 T.C. 492, 498 (2000). We have held that this Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid determination letter and the filing of a timely petition for review. See Moorhous v. Commissioner, 116

T.C. 263, 269 (2001); Offiler v. Commissioner, supra at 498; see also Rule 330(b).

Petitioner did not challenge the validity of the notice of determination. We observe that the notice was mailed to the same address that petitioner listed as his return address on the envelope bearing the petition and on the envelope bearing the notice of objection. Accordingly, it appears that the notice of determination was mailed to petitioner at his last known address. See sec. 6330(a)(2)(C). Under the circumstances, the sole issue for decision is whether the petition was timely filed.

The record in this case demonstrates that the petition was not filed within the 30-day period prescribed in section 6330(d)(1). The record shows that respondent mailed the notice of determination to petitioner on March 30, 2001. Consequently, and by virtue of section 7503, the 30-day filing period expired on Monday, April 30, 2001--a date that was not a legal holiday in the District of Columbia. The petition in this case was received and filed by the Court on May 7, 2001, 1 week after the expiration of the 30-day period. It follows that we must dismiss this case for lack of jurisdiction. See McCune v. Commissioner, 115 T.C. 114 (2000).

We agree with respondent that petitioner is unable to take advantage of the so-called timely mailing/timely filing rule of section 7502(a). Although section 7502(a) provides that, in

certain circumstances, a timely mailed petition will be treated as though it were timely filed, section 7502(b) provides that the rule "shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary." It is well settled that the timely mailing/timely filing rule of section 7502(a) does not apply to foreign postmarks. See Pekar v. Commissioner, 113 T.C. 158, 168 (1999), and cases cited therein; see also sec. 301.7502-1(c)(1)(ii), Proced. & Admin. Regs., stating: "Section 7502 does not apply to any document which is deposited with the mail service of any other country."

Moreover, Congress did not provide an extended filing period under section 6320 or 6330 when a notice of determination is addressed to a person outside the United States. Compare section 6213(a), which provides a 150-day filing period when a notice of deficiency is addressed to a person outside the United States. The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent expressly provided by statute. Sec. 7442; Savage v. Commissioner, 112 T.C. 46, 48 (1999); Pen Coal Corp. v. Commissioner, 107 T.C. 249, 254-255 (1996). Simply stated, any effort to enlarge the period within which a taxpayer outside the United States may file a petition for review with the Court under sections 6320 and 6330 must originate with Congress.

To reflect the foregoing,

An order will be entered
granting respondent's Motion to
Dismiss for Lack of Jurisdiction.