T.C. Memo. 2008-33

UNITED STATES TAX COURT

PAUL J. KENNEDY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10139-07L.                    Filed February 19, 2008.

Paul J. Kennedy, pro se.

<u>Gordon P. Sanz</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This collection review case is before the
Court on respondent's motion to dismiss for lack of jurisdiction.
Respondent submits that there is no notice of determination which
this Court has jurisdiction to review.  Petitioner, however,
argues that no valid notice of Federal tax lien (NFTL) filing nor
final notice of intent to levy and notice of the right to a

hearing (notice of intent to levy) was sent to his proper address. Because we find that respondent has not issued a valid NFTL or a valid notice of intent to levy, we shall dismiss this case for lack of jurisdiction.

## Background

At the time this petition was filed, petitioner resided at 1101 Kost Road in Alvin, Texas (the Kost Road address). It appears that petitioner has not filed income tax returns since 1996. According to respondent, petitioner's last known address was RR 4, Box 415, Alvin, Texas 77511 (the Box 415 address). While petitioner did in fact reside at this address at some point, the parties agree that petitioner has not lived there for some time.

On July 9, 2001, respondent's Collection Branch sent a Letter 2797 addressed to petitioner at the Kost Road address. The Letter 2797 asked petitioner to verify that the Kost Road address was his correct address. Petitioner checked the box indicating that the Kost Road address was in fact his correct address. Petitioner then mailed the completed Letter 2797 back to respondent by certified mail. According to the return receipt, respondent received the completed Letter 2797 on July 19, 2001, in Ogden, Utah.

On or about February 16, 2007, respondent issued the NFTL with respect to petitioner's tax liabilities for the years 1999,

2000, 2001, 2002, and 2004 to petitioner at the Box 415 address. On or about February 18, 2007, respondent also issued a notice of intent to levy to petitioner at the Box 415 address. Respondent now concedes that this final notice of intent to levy was not sent by certified mail.

Petitioner did not receive either of the collection notices respondent mailed. Petitioner became aware of respondent's collection attempts only when he discovered that his bank account had been emptied. Respondent has since refunded the money that was levied upon in the light of his concession that he had not sent the notice of intent to levy by certified mail.

Petitioner eventually obtained a copy of the notice of intent to levy from his bank and, on or about April 17, 2007, sent Form 12153, Request for a Collection Due Process Hearing, to respondent's Appeals Office. On May 2, 2007, respondent's Appeals Office sent petitioner a letter informing him that the levy was valid. On May 8, 2007, petitioner timely filed a petition contesting respondent's determination.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of

a timely petition for review. See <u>Orum v. Commissioner</u>, 123 T.C. 1 (2004), affd. 412 F.3d 819 (7th Cir. 2005); <u>Sarrell v. Commissioner</u>, 117 T.C. 122, 125 (2001); <u>Moorhous v. Commissioner</u>, 116 T.C. 263, 269 (2001); <u>Offiler v. Commissioner</u>, 114 T.C. 492, 498 (2000); see also Rule 330(b). In the absence of a notice of determination, this Court lacks jurisdiction. It is clear respondent did not issue a notice of determination in respect of petitioner's outstanding tax liabilities for the years at issue. A necessary predicate for the issuance of a notice of determination, however, is the issuance of a final notice of intent to levy (or an NFTL) sent to the taxpayer at the taxpayer's last known address. See sec. 6330(a)(2)(C). Thus, while it is clear the Court does not have jurisdiction, we must still decide the proper basis for dismissal. <u>Kennedy v. Commissioner</u>, 116 T.C. 255, 263 (2001).

In our recent Memorandum Opinion, <u>Buffano v. Commissioner</u>, T.C. Memo. 2007-32, we dismissed a collection review petition for lack of jurisdiction because the Secretary did not send a valid final notice of intent to levy to the taxpayer's last known address. We reasoned that section 6331(d) provides that at least 30 days before an enforced collection action by levy, the Secretary is obligated to provide the taxpayer with a final notice of intent to levy, including notice of the administrative appeals available to the taxpayer. <u>Id.</u> (citing <u>Davis v.</u>

Commissioner, 115 T.C. 35, 37 (2000), and Goza v. Commissioner, 114 T.C. 176, 179 (2000)).  Further, section 6330(a)(2) provides that the notice of intent to levy must be given in person, left at the person's dwelling or usual place of business, or sent by certified or registered mail to the person's last known address. Thus, because the taxpayer's last known address was not used, we found the final notice of intent to levy invalid.  Buffano v. Commissioner, supra.

While respondent concedes that the final notice of intent to levy was invalid because it was not sent via certified mail, respondent has also filed liens against petitioner's property. Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for taxes when a demand for payment of the taxes has been made and the taxpayer has failed to pay those taxes.  Section 6320(a) provides that the Secretary shall furnish the taxpayer with a written NFTL within 5 business days after the NFTL is filed, including notice of the administrative appeals available to the taxpayer.  Like the final notice of intent to levy, section 6320(a) provides that the notice of filing of a lien must be given in person, left at the person's dwelling or usual place of business, or sent by certified or registered mail to the person's last known address.

However, in contrast to a levy, the Secretary need not provide notice before the filing of a lien.  Instead, the

Secretary must only provide notice of having already filed a lien within 5 days of doing so.  Sec. 6320(a).  Further, the lien exists regardless of whether it has been filed by the Secretary.  Sec. 6321.  Accordingly, the regulations provide:

> A NFTL becomes effective upon filing.  The validity and priority of a NFTL is not conditioned on notification to the taxpayer pursuant to section 6320.  Therefore, the failure to notify the taxpayer concerning the filing of a NFTL does not affect the validity or priority of the NFTL.  When the IRS determines that it failed properly to provide a taxpayer with a CDP Notice, it will promptly provide the taxpayer with a substitute CDP Notice and provide the taxpayer with an opportunity to request a CDP hearing.* * *

Sec. 301.6320-1(a)(2), Q&A-12, Proced. & Admin. Regs.

While the validity or priority of a lien may not be affected by the Secretary's failure to provide proper notice within 5 days, section 6320 makes clear that a taxpayer is entitled to a valid notice (and an administrative hearing) upon the Secretary's filing of a lien.  Thus, the Secretary must send the NFTL filing to the taxpayer's last known address.

Section 301.6212-2(a) and (b), Proced. & Admin. Regs., applies to all notices and documents whenever the term "last known address" is used.  Sec. 301.6212-2(c), Proced. & Admin. Regs.  The regulation provides the general rule:

> a taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the Internal Revenue Service (IRS) is given clear and concise notification of a different address. * * *

Sec. 301.6212-2(a), Proced. & Admin. Regs.; see also Kennedy v. Commissioner, supra at 260 n.4; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976).

An inquiry into a taxpayer's last known address is based on the relevant facts and circumstances. Weinroth v. Commissioner, 74 T.C. 430, 435 (1980). If the Government has become aware of a change of address, the Commissioner may not rely on the address listed on the last-filed tax return but must exercise reasonable care to discern the taxpayer's correct address. See, e.g., Pyo v. Commissioner, 83 T.C. 626 (1984). We examine what respondent knew at the time the notice was issued, attributing "'to respondent information which respondent knows, or should know, with respect to a taxpayer's last known address, through the use of its computer system.'" Buffano v. Commissioner, supra (quoting Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988)).

Respondent's Collection Branch sent petitioner a Letter 2797, requesting petitioner's assistance in updating its records. While petitioner may not have been the most diligent taxpayer--having not filed returns since 1996--the record reflects that petitioner did respond to respondent's request. Upon receipt of the Letter 2797, petitioner checked the box to indicate that the Kost Road address was his correct address. Petitioner then sent the Letter 2797 back to respondent by

certified mail.  The return receipt reflects that respondent received the completed Letter 2797 on July 19, 2001, in Ogden, Utah.  Accordingly, we find that respondent knew, or at the very least should have known on the basis of information mailed to him, that petitioner's address was the Kost Road address.

In sum, we find that the final notice of intent to levy as well as the NFTL respondent issued with respect to petitioner's 1999, 2000, 2001, 2002, and 2004 tax years were not mailed to petitioner's last known address and are therefore invalid.  For this reason, we will dismiss this case for lack of jurisdiction.

To reflect the foregoing,

An appropriate order will be entered dismissing this case for lack of jurisdiction on the ground that respondent did not send petitioner valid collection notices to his last known address.