T.C. Memo. 2008-60

UNITED STATES TAX COURT

DAN PICKELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14400-07.                 Filed March 11, 2008.

Dan Pickell, pro se.

<u>Kaelyn Romey</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  This case is before the Court on
respondent's motion to dismiss for lack of jurisdiction under
Rule 53 and petitioner's motion to restrain collection under Rule
55.[1]  Respondent moves to dismiss on the ground that no notice of

_____

[1]Unless otherwise indicated, section references are to the
(continued...)

determination was issued to petitioner for the years at issue. Petitioner contends that no final notice of intent to levy was sent to him, and therefore respondent's levy is improper.

## Background

At the time the petition was filed, petitioner resided in California.

On March 13, 2006, respondent sent petitioner by certified mail a Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing for the years 2000 through 2003. The notice of intent to levy was returned to respondent marked refused/unclaimed on April 17, 2006. On February 2, 2007, respondent sent petitioner by regular mail a Warning of Intent to Levy. On May 8, 2007, respondent levied upon petitioner's accounts.

On June 25, 2007, petitioner submitted his petition, and the Court filed his motion to restrain collection. Respondent objected to petitioner's motion on the ground that the Court lacked jurisdiction. On August 13, 2007, the Court filed respondent's motion to dismiss for lack of jurisdiction. A hearing on the motions was held on October 15, 2007, in San Francisco, California.

[1](...continued)
Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review. See Orum v. Commissioner, 123 T.C. 1 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b). Thus, in the absence of a notice of determination, this Court lacks jurisdiction. Respondent did not issue a notice of determination in respect of petitioner's outstanding tax liabilities for 2000 through 2003. A necessary predicate for the issuance of a notice of determination is the issuance of a final notice of intent to levy sent to the taxpayer at the taxpayer's last known address. See sec. 6330(a)(2)(C). Thus, while the Court does not have jurisdiction to hear petitioner's case, we will decide the proper basis for dismissal. See Kennedy v. Commissioner, 116 T.C. 255, 263 (2001); Kennedy v. Commissioner, T.C. Memo. 2008-33; Buffano v. Commissioner, T.C. Memo. 2007-32.

Respondent argues that the Court lacks jurisdiction because a notice of determination under section 6330 was not issued to

petitioner; dismissal on this ground would allow respondent to levy upon petitioner's property to satisfy his outstanding Federal tax liabilities. On the other hand, petitioner argues that he never received a valid final notice of intent to levy; dismissal on that ground would invalidate the notice of levy. See Kennedy v. Commissioner, 116 T.C. at 261; Kennedy v. Commissioner, T.C. Memo. 2008-33; Buffano v. Commissioner, supra.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by way of a levy upon the person's property. Section 6331(d) provides that, at least 30 days before proceeding with enforced collection by way of a levy on a person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available. See sec. 6330; Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). The notice of intent to levy must be given in person, left at the person's dwelling or usual place of business, or sent by certified or registered mail to the person's last known address. Secs. 6330(a)(2), 6331(d)(2); secs. 301.6330-1(a)(1), 301.6331-2(a)(1), Proced. & Admin. Regs.

"There is a strong presumption in the law that a properly addressed letter will be delivered, or offered for delivery, to

the addressee." Zenco Engg. Corp. v. Commissioner, 75 T.C. 318, 323 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981). Further, it is clear that in general, and in the absence of evidence to the contrary, compliance with certified mail procedures raises a presumption of official regularity in delivery and receipt with respect to notices sent by the Commissioner. See United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); United States v. Ahrens, 530 F.2d 781, 784-785 (8th Cir. 1976); Clough v. Commissioner, 119 T.C. 183, 187-188 (2002).

Respondent's records show that petitioner was sent a final notice of intent to levy by certified mail to an address that petitioner admits has been his address for 10 years. Petitioner claims that he did not know of the attempted delivery, but he has offered no proof to support his claim. Petitioner argues that his situation is akin to that of Buffano v. Commissioner, supra, where the Court dismissed the case on the ground that the taxpayer was not issued a valid collection notice because the Commissioner did not send the collection notice to the taxpayer's last known address. See also Kennedy v. Commissioner, T.C. Memo. 2008-33. In this case, the notice of intent to levy was sent to petitioner's last known address.

Therefore, the Court finds that respondent issued petitioner a valid notice of intent to levy, but petitioner did not receive it either because of his deliberate refusal to accept the letter

or his failure for other reason to claim his mail.  Because petitioner failed to request a hearing under section 6330, respondent did not issue a notice of determination, and we are without jurisdiction to hear this claim under section 6330(d). Accordingly, we will grant respondent's motion to dismiss for lack of jurisdiction and deny petitioner's motion to restrain collection.

To reflect the foregoing,

<u>An appropriate order and order of dismissal for lack of jurisdiction will be entered</u>.