T.C. Memo. 2008-72

UNITED STATES TAX COURT

S & M TRUST NO. 1, MARGARETTE S. MCMAHAN, TRUSTEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 12279-07L.                    Filed March 25, 2008.

Margarette S. McMahan, Trustee, for petitioner.

<u>Gordon P. Sanz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  This case is before the Court on petitioner's
motion to vacate order of dismissal for lack of jurisdiction.  On
June 15, 2007, respondent filed a motion to dismiss for lack of
jurisdiction on the grounds that no notice of determination under

section 6320 or section 6330[1] was sent to petitioner for the tax years 1993, 1994, and 1995 that would confer jurisdiction on this Court. Petitioner filed an opposition to the motion. On August 10, 2007, the Court entered an order of dismissal and decision granting respondent's motion to dismiss for lack of jurisdiction, finding that because petitioner received no section 6320 hearing and respondent did not make a determination pursuant to section 6330, the Court lacked jurisdiction to review the Federal tax liens in this case. For the reasons stated herein, we will deny petitioner's motion.

                    FINDINGS OF FACT

At the time this petition was filed, petitioner was a trust with an address in Goliad, Texas.

On March 14, 2007, respondent filed a notice of Federal tax lien (NFTL) against assets held in the name of petitioner, as nominee, transferee, and/or alter ego of James K. (deceased) and Margarette S. McMahan (the McMahans). The NFTL listed unpaid balances of $59,970.80, $24,019.60, and $63,917.83 as income tax liabilities of the McMahans for tax years ending 1993, 1994, and 1995 respectively.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner sought reconsideration from the Internal Revenue Service's (IRS) Collection Appeals Program. On May 8, 2007, the Collection Appeals Program issued a closing letter which stated that following a review of petitioner's case, it was determined that the area director was correct that the NFTLs should be filed. In addition, the letter served as notification that the matter was closed in the Appeals Office. On May 30, 2007, petitioner filed with this Court a petition challenging the lien determinations with respect to income tax the McMahans owed for 1993, 1994, and 1995.

OPINION

This Court is a court of limited jurisdiction, and we may exercise judgment only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Section 6321 provides that all property and rights to property of a taxpayer become subject to a lien when demand for payment of taxes has been made and the taxpayer fails to pay those taxes. Section 6320(a) provides that the Secretary shall furnish the taxpayer with a written notice within 5 business days after the NFTL is filed. This written notice informs the taxpayer of the right to request an administrative hearing on the matter. The taxpayer then may seek judicial review of the determination made after the hearing. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179

(2000). Upon the Appeals Office's issuance of a determination letter, the taxpayer who seeks judicial review may appeal to this Court within 30 days of the determination. Section 6320(c) requires that the administrative hearing be conducted pursuant to section 6330(c), (d) (other than paragraph (2)(b) thereof), and (e). In order to invoke judicial review of a section 6320 determination, a taxpayer must be the person liable for the tax under section 6321 and must have received from the IRS a valid notice of determination based on a section 6320 hearing. See Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b).

Regulations promulgated under section 6320 state that known nominees of, or persons holding property of, the taxpayer are not entitled to a collection due process or equivalent hearing. Sec. 301.6320-1(b)(2), Q&A-B5, Proced. & Admin. Regs. Individuals not entitled to a section 6320 review are entitled to other forms of review, including reconsideration by the IRS office collecting the tax, assistance from the National Taxpayer Advocate, or an administrative hearing before the Appeals Office under the Collection Appeals Program. Id. Any determination resulting from these reviews, however, is not subject to judicial review. Id. The taxpayer for whom a nominee, transferee, or alter ego is holding property is entitled to a hearing under section 6320. Sec. 301.6320-1(b)(3), Example (2), Proced. & Admin. Regs.

Failure to provide a taxpayer with notice of the filing of an NFTL will serve as a basis for dismissal. Kennedy v. Commissioner, T.C. Memo. 2008-33.

Respondent argues that petitioner is a nominee, transferee, and/or alter ego of Margarette McMahan and has not received a determination sufficient to invoke this Court's jurisdiction.

Petitioner argues that under State law both petitioner and Ms. McMahan are one and the same and that if we treat petitioner and Ms. McMahan as one under State law, then there is no alter ego or nominee, and Ms. McMahan as the taxpayer liable for the tax due is entitled to a section 6320 hearing.

Neither petitioner nor respondent has stated whether a notice was sent to Ms. McMahan as the individual liable for the taxes that gave rise to the NFTL. Although a dismissal for lack of jurisdiction may be based on failure to provide notice of the filing of an NFTL, Kennedy v. Commissioner, supra, we decline to address petitioner's arguments. The issue of whether Ms. McMahan is entitled to a section 6320 hearing is not properly before this Court, as it is not relevant to the issue of whether we have jurisdiction to hear petitioner's appeal of the Collection Appeals Program's closing letter.

We lack jurisdiction to review the filing of the NFTL because petitioner, as Ms. McMahan's nominee, transferee, and/or alter ego, has not received a determination based on a section

6320 hearing sufficient to invoke judicial review.  See <u>Orum v. Commissioner</u>, 123 T.C. 1 (2004), affd. 412 F.3d 819 (7th Cir. 2005); <u>Sarrell v. Commissioner</u>, 117 T.C. 122, 125 (2001); <u>Offiler v. Commissioner</u>, <u>supra</u>.

Accordingly, we will deny petitioner's motion to vacate our order of dismissal for lack of jurisdiction.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued</u>.