T.C. Memo. 2009-230


UNITED STATES TAX COURT


DONNA R. SPACE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1038-08L.                Filed October 6, 2009.


<u>Joseph Falcone</u>, for petitioner.

<u>John W. Stevens</u>, for respondent.


MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This case is before the Court on a petition filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).

This case was submitted fully stipulated pursuant to Rule 122,[1] and the facts are so found. Petitioner argues that the notice of deficiency and the underlying assessments for taxable years 2002 and 2003 are invalid and consequently a notice of deficiency for these periods must be issued. Respondent argues that the notice of deficiency was valid and that respondent complied with the requirement of section 6330(a), to mail a section 6330 notice to petitioner at her last known address, and petitioner failed to timely request a collection hearing. Because we find that respondent failed to issue a valid final notice of intent to levy and notice of the right to a hearing to petitioner (notice of intent to levy), we will not decide the validity of the deficiency notice or of the assessments; instead on the Court's own motion the case will be dismissed for lack of jurisdiction.

## Background

Petitioner resided on Westmoreland Road in Detroit, Michigan (the Westmoreland address), at the time she filed her petition.

On March 15, 2007, petitioner received Internal Revenue Service Letter 3614 at her Westmoreland address. The Letter 3614 contained a copy of a report of examination explaining proposed adjustments for petitioner's 2002-07 tax years. The Letter 3614

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

was sent by certified mail from an Internal Revenue Service (IRS) office in Detroit, Michigan.

On April 7, 2007, respondent issued petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy). The notice of intent to levy was sent to the petitioner's previous address on Wildemere Street in Detroit, Michigan (the Wildemere address). Petitioner did not receive the notice of intent to levy until May 10, 2007. On that day petitioner filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, with respondent's Appeals Office. In her request for a collection due process (CDP) hearing, petitioner indicated that the request should be considered timely because the notice of intent to levy was not sent to her last known address. An IRS settlement officer spoke to petitioner's counsel on October 4, 2007, and informed him that the Appeals officer had determined that the CDP notice issued on April 7, 2007, was not in error because the Wildemere address was petitioner's last known address according to the records of the IRS.

On December 18, 2007, respondent issued a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 (decision letter). The parties stipulated that the decision letter was to be treated as a notice of determination.

On January 14, 2008, petitioner filed her petition with this Court.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review. See Orum v. Commissioner, 123 T.C. 1, 8 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b). In the absence of a notice of determination, this Court generally lacks jurisdiction.

A necessary predicate for the issuance of a notice of determination is the issuance of a notice of intent to levy to the taxpayer at the taxpayer's last known address (or otherwise in conformity with section 6330(a)(2)). See sec. 6330(a)(2). Thus, even if it is clear the Court does not have jurisdiction because the taxpayer's request for an Appeals Office hearing was untimely, we must still decide the proper basis for dismissal. Kennedy v. Commissioner, 116 T.C. 255, 261 (2001).

In <u>Buffano v. Commissioner</u>, T.C. Memo. 2007-32, we dismissed a collection review petition for lack of jurisdiction because the Secretary did not send a valid notice of intent to levy to the taxpayer's last known address. We reasoned that section 6331(d) provides that at least 30 days before an enforced collection action by levy, the Secretary is obligated to provide the taxpayer with a notice of intent to levy, including notice of the administrative appeals available to the taxpayer. <u>Id.</u> (citing <u>Davis v. Commissioner</u>, 115 T.C. 35, 37 (2000), and <u>Goza v. Commissioner</u>, 114 T.C. 176, 179 (2000)).

Section 6330(a)(2) provides that the notice of intent to levy must be given in person, left at the person's dwelling or usual place of business, or sent by certified or registered mail to the person's last known address. <u>Kennedy v. Commissioner</u>, T.C. Memo. 2008-33. Thus, because the taxpayer's last known address was not used, we found the notice of intent to levy invalid. See <u>Buffano v. Commissioner</u>, <u>supra</u>.

Section 301.6212-2(a) and (b), Proced. & Admin. Regs., applies to all notices and documents whenever the term "last known address" is used. Sec. 301.6212-2(c), Proced. & Admin. Regs. The regulation provides as a general rule:

> a taxpayer's last known address is the address that
> appears on the taxpayer's most recently filed and
> properly processed Federal tax return, unless the
> Internal Revenue Service (IRS) is given clear and
> concise notification of a different address. * * *
> [Sec. 301.6212-2(a), Proced. & Admin. Regs.]

See Kennedy v. Commissioner, 116 T.C. at 260 n.4; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976).

An inquiry into a taxpayer's last known address is based on the relevant facts and circumstances. See Weinroth v. Commissioner, 74 T.C. 430, 435 (1980). If the Government has become aware of a change of address, the Commissioner may not rely on the address listed on the last-filed tax return but must exercise reasonable care to discern the taxpayer's correct address. See, e.g., Pyo v. Commissioner, 83 T.C. 626 (1984). We examine what the Commissioner knew at the time the notice was issued, attributing "'to * * * [the Commissioner] information which * * * [the Commissioner] knows, or should know, with respect to a taxpayer's last known address, through the use of its computer system.'" Buffano v. Commissioner, supra (quoting Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988)).

Where the Court determines that it lacks jurisdiction because the taxpayer did not receive a valid notice of determination, the basis for dismissal may depend on whether the Secretary mailed a section 6320 notice to the taxpayer's last known address or otherwise served the notice in the manner

prescribed by section 6320(a)(2).  Kennedy v. Commissioner, 116 T.C. at 261.  This also applies to section 6330 notices as the Commissioner must first issue a final notice of intent to levy and send it to the taxpayer at the taxpayer's last known address before a hearing is held and the notice of determination is issued.  Sec. 6330(a)(2)(C).  If the Secretary fails to mail a section 6320 notice to the taxpayer at his last known address or otherwise fails to comply with section 6320(a)(2), we dismiss the case on the ground that the purported section 6320 notice is invalid.  Id.; Kennedy v. Commissioner, T.C. Memo. 2008-33; Buffano v. Commissioner, T.C. Memo. 2007-32.  If the Secretary mails the section 6320 notice to the taxpayer at the correct address, we dismiss the case on the ground that the taxpayer failed to timely request a collection hearing.  Pickell v. Commissioner, T.C. Memo. 2008-60.

However, where the taxpayer timely requests a CDP hearing but receives an equivalent hearing concluded by a decision letter, we have held that in certain circumstances the Court may treat the decision letter as a valid notice of determination and review the decision letter under section 6330(d).  Craig v. Commissioner, 119 T.C. 252 (2002).  In Smith v. Commissioner, T.C. Memo. 2007-221, the Court stated that a decision letter issued as a result of an equivalent hearing when a taxpayer was entitled to, but not given, a section 6330 hearing may constitute

a "determination" for purposes of section 6330.  See Craig v. Commissioner, supra.  In Craig and Smith, the taxpayer received a notice of intent to levy at his last known address and timely requested a CDP hearing.  However, petitioner was never given the opportunity to make a timely request for a CDP hearing because respondent sent the notice of intent to levy to the incorrect address.  By the time petitioner received the notice of intent to levy, the statutory time for requesting a CDP hearing had already passed.  In addition, there is pertinent caselaw that suggests that when a taxpayer does not file a timely request for a CDP hearing, there will be no determination for purposes of sections 6320(c) and/or 6330(d)(1).  In Orum v. Commissioner, 123 T.C. 1 (2004), this Court found that when a taxpayer did not timely request a CDP hearing in response to a notice of intent to levy mailed to his last known address, the decision in the decision letter was not a determination for purposes of section 6330(d)(1).  In Pragasam v. Commissioner, T.C. Memo. 2006-86, affd. 239 Fed. Appx. 325 (9th Cir. 2007), the taxpayer did not timely request a CDP hearing in response to a notice of lien filing.  As a result, we ruled that the decision in the decision letter was not a determination for purposes of sections 6320(c) and 6330(d)(1).  See also Orum v. Commissioner, supra at 12.

Respondent sent petitioner a Letter 3614, which enclosed a copy of a report of examination explaining proposed adjustments

to petitioner's tax for the years 2002 through 2007. The letter was sent to petitioner's Westmoreland address on March 15, 2007. On April 7, 2007, 23 days later, respondent issued the notice of intent to levy and sent it to petitioner's Wildemere address. Looking at the facts and circumstances, we find that the IRS had clear and concise notification of petitioner's Westmoreland address when the notice of intent was sent to her Wildemere address.

The parties stipulated that respondent's decision letter should be treated as a notice of determination, but Tax Court jurisdiction cannot be conferred upon the Court by agreement of parties. Dorn v. Commissioner, 119 T.C. 356 (2002). It is well settled that this Court can proceed in a case only if we have jurisdiction and that any party, or the Court sua sponte, can question jurisdiction at any time, even after the case has been tried and briefed. See Romann v. Commissioner, 111 T.C. 273 (1998); Normac, Inc. v. Commissioner, 90 T.C. 142 (1988); Brown v. Commissioner, 78 T.C. 215 (1982).

In sum, we find that the notice of intent to levy issued to petitioner with respect to the 2002 and 2003 tax years was not mailed to petitioner's last known address, was not received until after the 30-day period of section 6330(a) expired, and is therefore invalid. Accordingly, we will dismiss this case for lack of jurisdiction.

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered.