T.C. Summary Opinion 2010-21

UNITED STATES TAX COURT

EDMUND DOUGLAS ROBERTS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7222-09S.                   Filed March 1, 2010.

Edmund Douglas Roberts, pro se.

Matthew D. Carlson, for respondent.

RUWE, Judge:  This case was brought pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),

_____

    [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction (motion to dismiss).

## Background

At the time the petition was filed, petitioner resided in California. The following facts were taken from respondent's motion to dismiss, as supplemented, and are not in dispute. A hearing was held on February 1, 2010, at which respondent's counsel and petitioner were heard.

On April 17, 2007, respondent sent to petitioner, by certified mail, a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (6330 notice) with regard to petitioner's unpaid tax for 2002. On April 26, 2007, respondent sent to petitioner, by certified mail, a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (NFTL) also with regard to petitioner's unpaid tax for 2002. Curiously, the NFTL was not sent to the same address as the 6330 notice. On May 7, 2007, the 6330 notice was returned to respondent, and the envelope in which it had been sent was marked "Return to Sender-- Unclaimed--Unable to Forward".

On March 19, 2008, respondent received from petitioner a Form 12153, Request for a Collection Due Process or Equivalent Hearing. The Form 12153 was signed by petitioner and dated March

17, 2008, and the envelope that contained the Form 12153 bears a postmark date of March 18, 2008.  On the Form 12153 petitioner requested an "Equivalent Hearing" regarding tax years 2002 and 2004.  Petitioner subsequently sent to respondent a Form 12256-c, Withdrawal of Request for Collection Due Process or Equivalent Hearing, with regard to tax year 2004.

Respondent's Office of Appeals held an equivalent hearing and, on February 19, 2009, issued to petitioner a Letter 3210, Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code (decision letter), rather than a notice of determination.

On March 23, 2009, petitioner filed a petition generally contesting the underlying tax liability for tax year 2002.  The envelope in which the petition was mailed was postmarked March 17, 2009.  Although petitioner indicated that the petition was filed to dispute a notice of determination concerning a collection action, petitioner enclosed with his petition a copy of the decision letter rather than a notice of determination.

On October 19, 2009, respondent filed a motion to dismiss on the ground that "no notice of determination under I.R.C. § 6320 or 6330 was sent to petitioner for taxable year 2002, nor has respondent made any other determination with respect to taxable year 2002 that would confer jurisdiction on this Court." By order dated October 23, 2009, petitioner was directed to file

a response to respondent's motion to dismiss.  On November 30, 2009, petitioner filed an objection to respondent's motion to dismiss.  In his objection petitioner ostensibly disputes the motion to dismiss, but he does not challenge respondent's assertion that this Court lacks jurisdiction.  Rather, petitioner attempts to dispute the underlying tax liability.

On December 23, 2009, this Court directed respondent to supplement his motion to dismiss and address his position with respect to petitioner's last known address on the dates that the 6330 notice and the NFTL were mailed.

On January 22, 2010, respondent filed a supplement to the motion to dismiss.  In his supplement respondent avers that petitioner's last known address was correctly used on the 6330 notice.  He further avers that the motion to dismiss should be granted because petitioner's request for a collection due process (CDP) hearing was untimely and as a result no notice of determination was issued.  With respect to the petition as it pertains to the NFTL, respondent concedes that the address used on the NFTL was not petitioner's last known address on the date it was mailed and argues that the petition as it pertains to the NFTL should be dismissed, citing Kennedy v. Commissioner, 116 T.C. 255 (2001).

## Discussion

This Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid determination letter and the filing of a timely petition for review.  See Orum v. Commissioner, 123 T.C. 1, 8 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b).

It is clear that respondent did not issue a notice of determination in respect of petitioner's outstanding tax liability for 2002.  However, a necessary predicate for the issuance of a notice of determination is the issuance of a 6330 notice or an NFTL sent to the taxpayer at his last known address. Secs. 6320(a)(2)(C), 6330(a)(2)(C); see Kennedy v. Commissioner, T.C. Memo. 2008-33; Buffano v. Commissioner, T.C. Memo. 2007-32. Thus, although the Court does not have jurisdiction with respect to either the 6330 notice or the NFTL, we must still decide the proper basis for dismissal.  Kennedy v. Commissioner, T.C. Memo. 2008-33 (citing Kennedy v. Commissioner, 116 T.C. 255, 263 (2001)).

## Section 6330 Notice

Section 6330(a)(2) provides that the 6330 notice must be given in person, left at the person's dwelling or usual place of business, or sent by certified or registered mail, return receipt requested, to the person's last known address.  Respondent's

motion to dismiss, as supplemented, establishes that the 6330 notice was sent by certified mail to petitioner's last known address. Although the 6330 notice was returned to respondent, actual receipt of the 6330 notice is not a prerequisite to its validity. See sec. 301.6330-1(a)(3), Q&A-A9, Proced. & Admin. Regs. Consequently, the 30-day period within which to request a CDP hearing commenced the day after the date of the 6330 notice. See sec. 6330(a)(3)(B); sec. 301.6330-1(b)(1), (c)(1), Proced. & Admin. Regs.

If a taxpayer fails to timely request a CDP hearing pursuant to a valid 6330 notice, the taxpayer may request and receive an equivalent hearing that concludes when an Appeals officer issues a decision letter. See Craig v. Commissioner, 119 T.C. 252, 258-259 (2002). An equivalent hearing is not a waiver by the Commissioner of the time restrictions for requesting a CDP hearing, and a decision letter is not a determination letter pursuant to section 6330. See Kennedy v. Commissioner, 116 T.C. at 262-263; Offiler v. Commissioner, supra at 495. Thus, respondent did not issue a determination letter to petitioner sufficient to invoke this Court's jurisdiction to review the 6330 notice for tax year 2002. Kennedy v. Commissioner, 116 T.C. at 263. Accordingly, with respect to the 6330 notice, we will grant respondent's motion to dismiss, as supplemented, on the ground that respondent did not make a determination pursuant to section

6330 for 2002 because petitioner failed to file a timely request for a CDP hearing pursuant to section 6330(a)(3)(B) and (b). See id.

NFTL

As with a 6330 notice, section 6320(a)(2) provides that the NFTL must be given in person, left at the person's dwelling or usual place of business, or sent by certified or registered mail to the person's last known address. In the motion to dismiss, as supplemented, respondent concedes that the NFTL was not sent to petitioner at his last known address.

Section 301.6320-1(a)(2), Q&A-A12, Proced. & Admin. Regs., provides, in pertinent part: "When the IRS determines that it failed to properly provide a taxpayer with a CDP Notice, it will promptly provide the taxpayer with a substitute CDP Notice and provide the taxpayer with an opportunity to request a CDP hearing."

This Court has stated that if, as here, "the Secretary fails to mail a section 6320 notice [NFTL] to the taxpayer at his last known address or otherwise comply with section 6320(a)(2), we dismiss the case on the ground that the purported section 6320 notice [NFTL] is invalid." Graham v. Commissioner, T.C. Memo. 2008-129 (citing Kennedy v. Commissioner, 116 T.C. at 261, Kennedy v. Commissioner, T.C. Memo. 2008-33, and Buffano v. Commissioner, supra).

    In sum, we find that the NFTL respondent issued with respect
to petitioner's 2002 tax year was not mailed to petitioner's last
known address, nor was it received, and, therefore, it is
invalid.  See <u>Buffano v. Commissioner</u>, <u>supra</u>.  Consequently,
respondent is required, under the provisions of section 6320 and
the accompanying regulations, to issue to petitioner a substitute
CDP notice and provide him with an opportunity to request a CDP
hearing.  Accordingly, we hold that this Court lacks jurisdiction
on the ground that the NFTL was invalid.  See <u>Kennedy v.
Commissioner</u>, T.C. Memo. 2008-33.

    To reflect the foregoing,

                              <u>An appropriate order of
                              dismissal for lack of
                              jurisdiction will be entered</u>.