Shapat Ahdawan Nabaya, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nabaya v. Comm'r
Docket No. 8457-13 L.
United States Tax Court
2013 U.S. Tax Ct. LEXIS 46; September 26, 2013, Entered
*46 Wendy C. Yan, Respondent, Pro se, Richmond, VA.
Peter J. Panuthos, Special Trial Judge.
Peter J. Panuthos
ORDER AND ORDER OF DISMISSAL FOR LACK OF JURISDICTION
On April 16, 2013, petitioner filed a petition to commence this case. Petitioner stated in his petition that he has received a notice of levy. Petitioner did not attach any notice or letter issued to him by the Internal Revenue Service (IRS). In the petition he states that he disagrees with respondent's determination for the following reason:
I have not agreed to give information to the IRS on a 1040 Form. The IRS have (sic) not sworn under perjury that the 1040 Form has a valid OMB number. Page 101 of the 1040 Publication clearly states that a valid OMB number must be on the Form. Under admiralty law the IRS has not produced a contract that I requested the services of the Internal Revenue Services (sic).
On May 28, 2013, petitioner's Motion To Restrain Assessment and Collection was filed. On June 11, 2013, respondent filed a response to petitioner's motion to restrain. Respondent attached to his response a copy of the Notice of Levy dated January 4, 2013, regarding petitioner's Federal income tax liabilities for tax years 2004-09 *47 and civil penalties for tax years 2005 and 2007.
On June 12, 2013, respondent filed a Motion To Dismiss for Lack of Jurisdiction on the ground that no notice of determination or other notice sufficient to confer jurisdiction upon the Court was issued to petitioner for tax years 2004 through 2009. In support of the motion, respondent states that on the basis of a diligent search of respondent's records, respondent has determined that no notice of determination or any other notice that would confer jurisdiction upon this Court for tax years 2004 through 2009 has been sent to petitioner. On July 1, 2013, petitioner filed an objection to respondent's motion, in which petitioner denied receipt of various documents from respondent. On July 2, 2013, petitioner's Supplement to the objection to the motion to dismiss was filed. On July 8, 2013, petitioner's Second and Third Supplements to the objection were filed. On July 10, 2013, petitioner's Fourth Supplement to the objection was filed. On July 26, 2013, respondent filed a response to petitioner's objection, as supplemented, and on August 23, 2013, respondent filed a supplement to his response.
On June 24, 2013, the Court received from petitioner *48 a document titled "Petition To Proceed to Trial or Grant of Summary Judgment", which was filed as a Motion To Calendar.
On July 22, 2013, petitioner filed a Motion for Respondent To Provide Superior Interest.
On August 19, 2013, petitioner filed a Motion for Default Judgment for a Lack of Superior Interest and Fraud on the Court.
On August 20, 2013, petitioner filed a Motion for Sanctions and Costs To Be Awarded to Petitioner Under 6673(a)(2)(B).
On September 9, 2013, petitioner filed a Motion for Chief Judge John O. Colvin To Enforce a Congressional Bivens Act.
On September 13, 2013, petitioner filed a Motion for Default Judgment U.S. Tax Rule 123(a).
On September 16, 2013, petitioner filed a Motion for Chief Judge Colvin To Enjoin Wendy Yan from Committing Misdemeanor Fraud on the Court and a Motion for Chief Judge Colvin To Adhere to the Rules of the Supreme Court of Virginia.
Furthermore, petitioner filed the following documents: Petition for Discovery and Conflict of Interest Hearing (filed August 5, 2013); Petition for Relief, Oaths, and Bonds and Fourth and Fifth Amendments To Not Be Violated (filed August 9, 2013); Petition for Default Judgment (filed August 12, 2013); Petition to Strike Respondent's Filing of Signed Documents *49 in Violation 18 USC 1030 and State v. Jackson (filed August 12, 2013); Amended Petition for Oaths and Bonds (filed September 3, 2013); Motion For Response to Interrogatory Under Rule 71(a), (b), (c) (filed September 24, 2013); Unsworn Declaration Under Penalty of Perjury (filed September 24, 2013); and Application for Order to Take Deposition To Perpetuate Evidence (filed September 24, 2013).
In his filings, petitioner contends, among other things, that the assessments are invalid, that respondent has not established what makes petitioner liable for any tax, and that respondent failed to prove superior interest in petitioner's pension. Petitioner seeks a refund of all the money respondent has collected by levy.
This Court is a court of limited jurisdiction. It may therefore exercise jurisdiction only to the extent expressly provided by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976). The Court's jurisdiction to review certain collection activity by the IRS under I.R.C. section 6320 and 6330 depends on the issuance of a valid notice of determination and the timely filing of a petition with this Court for review. Orum v. Commissioner, 123 T.C. 1 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001). In the absence of a notice of determination under I.R.C. section 6320 or 6330, this Court lacks jurisdiction. No notice of determination concerning collection action was attached *50 to the petition, and respondent determined that no notice of determination under I.R.C. section 6320 or 6330 or any other notice of determination has been sent to petitioner.
The record in this case establishes that (1) on August 25, 2007, respondent mailed petitioner a Final Notice of Intent To Levy and Notice of Your Right To a Hearing (final notice) regarding petitioner's 2004 Federal income tax liability, (2) on April 15, 2008, respondent mailed petitioner a final notice regarding petitioner's 2005 Federal income tax liability, (3) on July 20, 2010, respondent mailed petitioner a final notice regarding petitioner's 2006 and 2007 Federal income tax liabilities, (4) on November 28, 2012, respondent mailed petitioner a final notice regarding petitioner's 2008 and 2009 Federal income tax liabilities, (5) on August 16, 2008, respondent mailed petitioner a final notice regarding the civil penalty assessed for 2005, and (6) on June 13, 2009, respondent mailed petitioner a final notice regarding petitioner's civil penalty assessed for 2007. All of these final notices were mailed to petitioner's last known address. In fact, all final notices, except for the August 25, 2007, notice were sent to petitioner's current *51 address. Only the April 15, 2008, and August 16, 2008, final notices were delivered to petitioner. However, petitioner failed to request hearings.
The record establishes that no notice of determination that would confer jurisdiction upon this Court has been issued to petitioner. Therefore, this case must be dismissed for lack of jurisdiction.
As to petitioner's motion to restrain, section 6330(e) provides that levy actions and the running of the period of limitations related to collections shall be suspended for the period during which a hearing before the IRS Office of Appeals under section 6330, and appeals therein, are pending. However, "[t]he Tax Court shall have no jurisdiction * * * to enjoin any action or proceeding unless a timely appeal has been filed * * * and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates." I.R.C. sec. 6330(e)(1). Hence, in absence of any proceeding under section 6330 over which this Court has jurisdiction, the Court likewise is without jurisdiction to enjoin any collection action.
Because the Court lacks jurisdiction in this case, the Court is not able to afford relief that petitioner seeks in his other motions and petitions filed in this case.
Petitioner is admonished *52 that if he continues to advance arguments that are deemed frivolous or groundless, he may be held liable for a penalty under I.R.C. section 6673. Section 6673, I.R.C. authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.
Upon due consideration, it is
ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction, filed June 12, 2013, is granted, and this case is dismissed for lack of jurisdiction. It is further
ORDERED that petitioner's Motion To Restrain Assessment and Collection, filed May 28, 2013, is denied. It is further
ORDERED that petitioner's Motion To Calendar filed June 24, 2013, is denied. It is further
ORDERED that petitioner's Motion for Respondent To Provide Superior Interest, filed July 22, 2013, is denied. It is further
ORDERED that petitioner's Motion for Default Judgment for a Lack of Superior Interest and Fraud on the Court, filed August 19, 2013, is denied. It is further
ORDERED that petitioner's Motion for Sanctions and Costs To Be Awarded to Petitioner Under 6673(a)(2)(B), *53 filed August 20, 2013, is denied. It is further
ORDERED that petitioner's Motion for Chief Judge John O. Colvin To Enforce a Congressional Bivens Act, filed September 9, 2013, is denied. It is further
ORDERED that petitioner's Motion for Default Judgment U.S. Tax Rule 123(a), filed September 13, 2013, is denied. It is further
ORDERED that petitioner's Motion for Chief Judge Colvin To Enjoin Wendy Yan from Committing Misdemeanor Fraud on the Court, filed September 16, 2013, is denied. It is further
ORDERED that petitioner's Motion for Chief Judge Colvin To Adhere to the Rules of the Supreme Court of Virginia, filed September 16, 2013, is denied. It is further
ORDERED that petitioner's Motion For Response to Interrogatory Under Rule 71(a), (b), (c), filed September 24, 2013, is denied. It is further
ORDERED that petitioner's Application for Order to Take Deposition To Perpetuate Evidence, filed September 24, 2013, is denied.
(Signed) Peter J. Panuthos
Special Trial Judge
ENTERED: SEP 26 2013