T.C. Memo. 2011-11

UNITED STATES TAX COURT

JOHN ARTHUR BOULTBEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13856-10.                    Filed January 11, 2011.

P mailed his petition using the registered mail
service of a foreign country on the 145th day after the
mailing of a notice of deficiency to him at an address
in the foreign country. Official records of the U.S.
Postal Service demonstrate that the envelope in which
the petition was mailed entered the domestic mail
service of the United States on the 147th day. The
petition was received and filed by the Court on the
153rd day.
        <u>Held</u>: The petition was timely filed, and the
Court has jurisdiction to hear P's case.

John Arthur Boultbee, pro se.

<u>Lawrence C. Letkewicz</u> and <u>Tracy M. Hogan</u>, for respondent.

## MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This case is before the Court on that part of the Court's Order dated August 16, 2010, directing the parties to show cause why the Court should not dismiss this case for lack of jurisdiction on the ground that the petition was not timely filed.

At the time that the petition was filed, petitioner resided in Victoria, British Columbia, Canada.

### Background

On January 15, 2010, respondent sent by registered mail a notice of deficiency to petitioner in Victoria, British Columbia, Canada.  In the notice respondent determined deficiencies and additions to tax in petitioner's Federal income taxes for the taxable years 2000 and 2001 as follows:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2000 | $686,535 | $154,470.38 | $171,633.75 | $36,925.11 |
| 2001 | 140,049 | 31,511.03 | 35,012.25 | 5,596.91 |

The first page of the notice of deficiency states as follows:  "Last Date to File a Petition With the United States Tax Court: June 14, 2010".  That date was the 150th day after the mailing date of the notice of deficiency.

Petitioner mailed a petition to this Court seeking a redetermination of the deficiencies and additions to tax determined by respondent in the notice of deficiency.  The

petition, which was delivered to the Court by the U.S. Postal Service, was received and filed on Thursday, June 17, 2010. The envelope containing the petition indicates that it originated in Canada and was sent by Canada Post registered air mail. The envelope bears a clearly legible Canada Post postmark date of June 9, 2010. The Canada Post "Registered Air Mail" sticker on the front of the envelope includes a bar code and a 13-character alphanumeric identifier (the unique identifier). The envelope does not bear a U.S. Postal Service postmark.

In his petition, petitioner expressly references the January 15, 2010 notice of deficiency, and he attached a copy of that notice to his petition as an exhibit.

In an Order dated August 16, 2010, the Court directed the parties to show cause in writing why this case should not be dismissed for lack of jurisdiction on the ground that the petition was not timely filed pursuant to section 7502.[1] Petitioner filed a Response on September 1, 2010, pointing out that the petition was received by the Court on June 17, 2010, just 3 days after the June 14, 2010 "last day to file" date. Petitioner implies in his Response that because the petition was mailed from Victoria, British Columbia, Canada, on June 9, 2010, and was received and filed by the Court on June 17, 2010, the

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

petition must have been in the U.S. Postal Service system at some point on or before June 14, 2010.

Respondent filed a Response to the Court's August 16, 2010 Order on September 8, 2010, arguing that "The envelope containing the Petition was not deposited in the mail in the United States on or before the June 14, 2010 due date, and it was not received by this Court until June 17, 2010. The Petition in this case was therefore not timely filed." Respondent attached to his Response a U.S. Postal Service Form 3877 demonstrating that the notice of deficiency was sent by registered mail to petitioner in Canada on January 15, 2010.

In the preamble of an Order dated September 13, 2010, the Court stated, inter alia:

> The Canada Post tracking service indicates that the registered mail envelope containing the petition left Canada on June 10, 2010. * * * The USPS Track and Confirm service indicates that the registered mail envelope containing the petition arrived at the USPS International Service Center in Los Angeles, California, on June 11, 2010. * * *

The September 13, 2010 Order then directed respondent to file a supplemental response to the Court's Order dated August 16, 2010, addressing the registered mail tracking data furnished by Canada Post and the U.S. Postal Service.[2] Such registered mail tracking data includes the following:

---

[2] Copies of such tracking data were attached to the Court's Order.

Canada Post:

    Tracking Number:  The unique identifier

    Track Status:
       Product Type:  Registered Mail USA

| Date | Time | Description |
| --- | --- | --- |
| 6/17/2010 | 11:34 | Item successfully delivered |

    Track History:

| Date | Time | Description |
| --- | --- | --- |
| 6/9/2010 | 13:08 | Item accepted at the Post Office Victoria |
| 6/10/2010 | 13:51 | International item has left Canada |
| 6/17/2010 | 11:34 | Item successfully delivered |

U.S. Postal Service:

    Label/Receipt Number:  The unique identifier

    Service(s):  Registered Mail
    Status:  Delivered

    Detailed Results:
        - Foreign International Dispatch, June 10, 2010, 1:51 p.m., Vancouver, Canada
        - Inbound International Arrival, June 11, 2010, 10:21 a.m., ISC Los Angeles, CA (USPS)
        - Arrival at Unit, June 17, 2010, 10:24 a.m., Washington, D.C. 20022
        - Delivered, June 17, 2010, 11:34 a.m., Washington, D.C. 20217[3]

In response to the Court's Order dated September 13, 2010, respondent filed a Supplemental Response on September 28, 2010. In his response respondent states, inter alia:

> Under I.R.C. § 7502, a Petition will generally be considered timely filed if it is timely mailed. However, it is not enough that the envelope containing the Petition was deposited with the United States Postal Service in a timely fashion.  The envelope must

---

3  "20217" is the ZIP Code unique to the Court.

also bear a United States postmark date which is on or before the date of filing. I.R.C. § 7502(a)(2)(A). The timely mailing rule of section 7502 does not apply in the case of foreign postmarks. <u>Sarrell v. Commissioner</u>, 117 T.C. 122, 126 (2001).

In support of his position, respondent asserts that the envelope containing the petition bears a Canada Post postmark and no U.S. Postal Service postmark. Respondent further asserts that the U.S. Postal Service is not required to affix a U.S. postmark to mail received from a foreign country; therefore, according to respondent, no U.S. postmark has been omitted and the Court may not consider extrinsic evidence regarding the mailing of the envelope.

This matter was called for hearing at the Court's trial session in Seattle, Washington, on October 4, 2010. Counsel for respondent appeared and was heard. In contrast, there was no appearance by or on behalf of petitioner.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985). This Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and the timely filing of a petition. Rule 13(a), (c); <u>Monge v. Commissioner</u>, 93 T.C. 22, 27 (1989); <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn, has 90 days, or 150 days if the notice is addressed to a person outside of the United States, from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

There is no dispute in this case that respondent mailed the notice of deficiency on January 15, 2010, to petitioner in Victoria, British Columbia, Canada, where petitioner resides. Because the notice of deficiency was addressed to a person outside of the United States, the 150-day filing period applies. The 150th day after January 15, 2010, was Monday, June 14, 2010, which date was not a legal holiday in the District of Columbia. See secs. 6213(a), 7503; Rule 25(b). However, as previously stated, the petition was not received and filed by the Court until Thursday, June 17, 2010.

By virtue of section 7502(a), a petition that is timely mailed is, in certain circumstances, deemed to be timely filed. Specifically, section 7502(a)(1) provides that "the date of the United States postmark stamped on the cover in which such * * * document * * * is mailed shall be deemed to be the date of delivery". Thus, the U.S. postmark date appearing on the envelope containing the petition must be timely; that is, the postmark date

must fall within the applicable 90-day or 150-day period. Although timely mailing is generally determined by the U.S. postmark date, see sec. 7502(a); sec. 301.7502-1(c)(1), Proced. & Admin. Regs., extrinsic evidence is admissible if a U.S. postmark date is either illegible or missing, see Mason v. Commissioner, 68 T.C. 354 (1977); Sylvan v. Commissioner, 65 T.C. 548 (1975).

Respondent contends that the U.S. Postal Service is not required to affix a postmark to mail received from a foreign country; therefore, in respondent's view, no postmark has been omitted and the Court may not consider extrinsic evidence regarding a postmark. However, neither the U.S. Postal Service Domestic Mail Manual, nor its International Mail Manual, nor its Postal Operations Manual prohibits a postmark from being placed on inbound foreign mail. In Elec. Automation Sys., Inc. v. Commissioner, T.C. Memo. 1976-270, the petition was mailed from Canada and it bore both a Canadian postmark and a U.S. postmark, thereby demonstrating that a U.S. postmark may be placed on mail received from a foreign country.

The provisions of section 7502 generally contemplate that the envelope is deposited with the domestic mail service of the U.S. Postal Service.[4]  Sec. 7502(a)(2)(B); cf. sec. 7502(f).  A

---

[4]  Sec. 7502(b) provides that sec. 7502 "shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations".  The regulations provide at sec. 301.7502-1(c)(1)(ii), Proced. &

(continued...)

document is deposited in the mail in the United States when it is deposited with the domestic mail service of the U.S. Postal Service. Sec. 301.7502-1(c)(1)(ii), Proced. & Admin. Regs. Section 752.13 of the U.S. Postal Service International Mail Manual, Issue 37, June 7, 2010, states with regard to foreign registered mail: "All mail registered by the country of origin must be handled in the domestic First-Class Mail mailstream from the exchange office to the office of delivery." Thus, once the foreign registered mail arrives at the exchange office, such mail is considered to have been deposited with the domestic mail service of the U.S. Postal Service for eventual delivery to its destination address.

Petitioner mailed his petition from Victoria, British Columbia, Canada, using the registered mail service of Canada Post on June 9, 2010, the 145th day after the notice of deficiency was sent to petitioner in Victoria. A Canada Post postmark of June 9, 2010, is stamped on the front of the envelope. The Canada Post system, which allows for tracking of documents using a unique identifier on the sticker affixed to the envelope, indicates that

---

[4](...continued)
Admin. Regs., that "Section 7502 does not apply to any document * * * that is deposited with the mail service of any other country."

the envelope in which the petition was mailed left Canada at 1:51 p.m. on June 10, 2010.[5]

Although no U.S. Postal Service postmark is stamped on the envelope, the U.S. Postal Service Track and Confirm service allows for tracking of inbound registered mail using the same unique identifier used for the Canada Post registered mail.[6] The U.S. Postal Service Track and Confirm service indicates that the envelope in which the petition was mailed was received by the U.S. Postal Service International Service Center in Los Angeles, California, at 10:21 a.m. on June 11, 2010. The envelope was then dispatched to Washington, D.C., where it was received on June 17, 2010, at 10:24 a.m., and then delivered to the Court that same day at 11:34 a.m.

In Cespedes v. Commissioner, 33 T.C. 214 (1959), the taxpayers mailed a petition from Cuba on the 151st day, but the 150th day was a Sunday. See sec. 7503. The envelope in which the petition was delivered to the Court did not bear a U.S. postmark nor, as the facts make clear, did the envelope even enter the domestic mail system of the United States in a timely fashion. The Court held that the petition was not timely filed.

---

[5] The online Canada Post tracking feature is available at http://www.canadapost.ca/cpo/mc/default.jsf.

[6] The online U.S. Postal Service Track and Confirm feature is available at http://www.usps.com/.

In <u>Donehey v. Commissioner</u>, T.C. Memo. 1996-376, the petition was mailed from the United Kingdom on the last day of the filing period and was received by the Court thereafter. The envelope containing the petition did not bear a U.S. postmark and, as the facts make clear, the envelope did not even enter the domestic mail system of the United States in a timely fashion. The Court held that the petition was not timely filed.

In <u>Sarrell v. Commissioner</u>, 117 T.C. 122 (2001), a collection case involving a 30-day filing period, see sec. 6330(d), the taxpayer mailed the petition on the 30th day from Israel. In <u>Sarrell v. Commissioner</u>, <u>supra</u> at 126 (citing <u>Pekar v. Commissioner</u>, 113 T.C. 158, 168 (1999)), the Court stated that "it is well settled that the timely mailing/timely filing rule of section 7502(a) does not apply to foreign postmarks."[7] There was no U.S. postmark on the envelope containing the petition and, as the facts make clear, the envelope did not even enter the domestic mail system of the United States in a timely fashion. The Court held that the petition was not timely filed.

---

[7] <u>Pekar v. Commissioner</u>, 113 T.C. 158 (1999), deals in part with the timely mailing/timely filing of a Federal income tax return in an envelope bearing a foreign postmark. As relevant, the Court held that "foreign postmarks do not effectively cause the filing date of a document to be the postmark date." <u>Id.</u> at 168. In contrast, the Internal Revenue Service has ruled that a Federal income tax return with a timely foreign postmark is to be accepted as timely filed. Rev. Rul. 2002-23, 2002-1 C.B. 811.

The present case differs from <u>Cespedes</u>, <u>Donehey</u>, and <u>Sarrell</u> in that the petition in this case was mailed by registered mail from a foreign country well before the last day of the filing period; the petition entered the domestic mail service of the United States before such last day; and such date of entry is demonstrated by the official records of the U.S. Postal Service.

In addition, petitioner mailed the petition using registered mail, albeit from Canada Post. Registered mail originating in the United States has long been promoted as the taxpayer's saving grace in terms of ensuring timely filing. See, e.g., <u>Madison v. Commissioner</u>, 28 T.C. 1301, 1302-1303 (1957); see also sec. 301.7502-1(c)(2), Proced. & Admin. Regs. The use of Canada Post registered mail resulted in the petition being tracked from its point of origin in Victoria, British Columbia, Canada, to its delivery to the Court in Washington, D.C., by the official tracking services of both Canada Post and the U.S. Postal Service. As previously stated, the official Track History of Canada Post demonstrates that the envelope in question left Vancouver, Canada, at 1:51 p.m. on June 10, 2010, and the official Track and Confirm service of the U.S. Postal Service shows that the envelope arrived at the U.S. Postal Service International Service Center in Los Angeles, California, and was processed at 10:21 a.m. on June 11, 2010.

The U.S. Postal Service Track and Confirm service provides reliable data from a neutral third-party source that is not susceptible to manipulation by the parties.  Indeed, the Commissioner has relied upon the U.S. Postal Service Track and Confirm service.  See, e.g., Sebastian v. Commissioner, T.C. Memo. 2007-138 (demonstrating that an incorrect ZIP Code did not delay attempted delivery of a notice of determination).  In addition, respondent has at no time suggested that the U.S. Postal Service Track and Confirm data is less reliable or accurate than a postmark in identifying the point in time that an envelope enters the domestic mail service of the United States.

In sum, the U.S. Postal Service Track and Confirm service clearly and unequivocally demonstrates that the petition in the instant case entered the domestic mail service of the United States on June 11, 2010.  In the context of the present case, we regard the U.S. Postal Service Track and Confirm data as tantamount to, and/or the functional equivalent of, a U.S. Postal Service postmark.  See sec. 7502(f) (regarding the treatment of private delivery services and the use of corporate records electronically written to a database); cf. Abeles v. Commissioner, 91 T.C. 1019, 1034-1035 (1988) (regarding adapting the law to reflect technological advancements).  Accordingly, we hold that the petition in this case was timely filed and that we do have jurisdiction to hear petitioner's case.

To give effect to the foregoing,

                              <u>An order will be issued
discharging the show cause
portion of the Court's Order
dated August 16, 2010</u>.