T.C. Memo. 2014-223

UNITED STATES TAX COURT

JOSEPH SANCHEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5112-14.                    Filed October 22, 2014.


R mailed a notice of deficiency to P on Dec. 2, 2013. The last day to file a petition with the Court was Monday, Mar. 3, 2014. The petition was received by the Court and filed on Mar. 10, 2014. The envelope in which the petition was received bears both a U.S. Postal Service postmark dated Mar. 4, 2014, and a mark from Stamps.com dated Mar. 3, 2014. R filed a motion to dismiss for lack of jurisdiction.

<u>Held</u>: The mark from Stamps.com is disregarded. <u>Malekzad v. Commissioner</u>, 76 T.C. 963, 966-967 (1981), applied and followed. Accordingly, the petition was not timely filed, and the Court does not have jurisdiction to decide P's case.

<u>Held</u>, <u>further</u>, R's motion to dismiss will be granted.

**[*2]**   Joseph Sanchez, pro se.

S. Mark Barnes, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, filed May 28, 2014. Respondent moves to dismiss this case on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502.[1]  Attached to respondent's motion was a Postal Service Form 3877.  For reasons discussed hereinafter, we shall grant respondent's motion.

Background

At the time that the petition was filed, petitioner resided in the State of Utah.

On December 2, 2013, respondent sent petitioner a notice of deficiency. The notice determined a deficiency in income tax for 2010 of $10,508 and an accuracy-related penalty under section 6662(a) of $2,102.60.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**   The first page of the notice of deficiency included the following statement: "If you want to contest this determination in court before making any payment, you have * * * 90 days from the date of this letter * * * to file a petition with the United States Tax Court for a redetermination of the amount of your tax."  Also included on the first page of the notice was the following statement:  "Last Date to Petition Tax Court:  March 3, 2014".

On Monday, March 10, 2014, the Court received a petition from petitioner seeking a redetermination of the deficiency and penalty determined by respondent in the notice of deficiency.[2]  The petition arrived at the Court by mail in an envelope bearing a U.S. Postal Service postmark date of March 4, 2014.  Affixed to the envelope was a "stamp" printed by a third party from her computer using software from Stamps.com[3] and a certified mail sticker.  The "stamp" reflected the "stamps.com" logo, "$4.70" of "US Postage First-Class", a five-digit number that

---

[2] A copy of the notice of deficiency was attached to the petition as an exhibit.

[3] Stamps.com Inc. is a publicly traded company (NASDAQ: STMP) that is headquartered in El Segundo, Cal., and that provides Internet-based postage services.  The company's online postage service provides a user the ability to buy and print U.S. Postal Service-approved postage directly from the user's computer. See http://www.stamps.com/company-info/.  "Simply log-in to Stamps.com, print your postage then drop your letters and packages into any mailbox, hand them to your postal carrier or schedule a USPS pick-up right through the software." See http://www.stamps.com/postage-online/post-office/.

**[*4]** presumably corresponds to the ZIP Code from which the "stamp" was generated, and "MAR 03 2014". The "stamp" also includes a string of alphanumeric characters whose meaning is not disclosed in the record.

As indicated respondent filed a Motion To Dismiss For Lack Of Jurisdiction on May 28, 2014. Petitioner filed a Notice Of Objection on June 25, 2014. Respondent supplemented his motion on August 18, 2014. Although afforded the opportunity to do so, petitioner did not file a reply to respondent's supplement.

Discussion

General Principles

This Court's jurisdiction to redetermine a deficiency in income tax depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside the United States) to file a petition with this Court for a redetermination of the contested deficiency. Sec. 6213(a). By virtue of section 7502, a petition that is timely mailed may be deemed to be timely filed.

**[*5]**   Although timely mailing is generally determined by the postmark date, <u>see</u> sec. 7502(a); sec. 301.7502-1(c)(1), Proced. & Admin. Regs., extrinsic evidence is admissible if a postmark date is either illegible or missing, <u>see</u> <u>Mason v. Commissioner</u>, 68 T.C. 354 (1977); <u>Sylvan v. Commissioner</u>, 65 T.C. 548 (1975). In the instant case, the U.S. Postal Service postmark is neither illegible nor missing but clearly reflects the date of March 4, 2014.

It is clear in the present case that respondent mailed the notice of deficiency to petitioner on December 2, 2013.  <u>See</u> <u>Magazine v. Commissioner</u>, 89 T.C. 321, 327 n.8 (1987) (holding that Postal Service Form 3877 represents direct evidence of the date of mailing of the notice of deficiency); <u>see also</u> <u>Clough v. Commissioner</u>, 119 T.C. 183, 187-188 (2002) (overruling various challenges by a taxpayer to the introduction into evidence of Postal Service Form 3877 by the Commissioner).  The 90th day after the date of mailing was Sunday, March 2, 2014.  Accordingly, the notice correctly stated that the last day to petition the Court was Monday, March 3, 2014.  <u>See</u> sec. 7503 (regarding the time for performance of acts where the last day otherwise falls on a Saturday, Sunday, or legal holiday).  However, the petition was not received and filed by the Court until Monday, March 10, 2014.  Thus, the petition was not timely filed and respondent's

**[\*6]** motion must be granted unless the petition is deemed to have been timely filed by virtue of having been timely mailed.

Petitioner's Position

Petitioner argues that the petition was timely because "the log from Stamp.Com [sic] show[s] that the petition was processed on March 3, 2014" and because the petition was delivered to the U.S. Postal Service on that same date. In support of his argument petitioner provided a statement by the third party who prepared the petition for mailing and then delivered it to the post office. In her statement the third party describes how on Monday, March 3, 2014, after being "given documents to mail", she printed postage using Stamps.com software, added extra postage for certified mail, and then took the petition to the U.S. Post Office in Bountiful, Utah, for deposit into the mail. The third party candidly states that in order to "avoid[] the long lines" at the post office, she dropped the petition off without having a certified mail receipt stamped by a Postal Service employee and that as a consequence "the sender has no documentation showing * * * [the post office] received the certified package" on March 3, 2014.

Respondent's Position

Respondent argues that the U.S. Postal Service postmark demonstrates that the petition was not timely mailed. In this regard respondent relies on the

**[*7]** declaration of the senior manager for distribution and operations of the U.S. Postal Service in Salt Lake City, Utah, stating that "[t]he marking on the envelope, which reads 'Salt Lake City UT - TUE 04 MAR 2014 - 841 PM' is an official postmark used by the United States Postal Service." Because the notice of deficiency correctly stated that the last day to file a petition was March 3, 2014, and the U.S. Postal Service postmark bears a date of March 4, 2014, respondent argues that the petition was not timely mailed.

Analysis

Because petitioner is the party invoking the Court's jurisdiction, he bears the burden of proving that the petition was timely filed. See Maddox v. Commissioner, T.C. Memo. 2009-241.

Section 301.7502-1(c)(1)(iii)(B)(3), Proced. & Admin. Regs., provides for situations in which a mailpiece has both U.S. Postal Service postmarks and non-U.S. Postal Service marks. That section provides as follows:

> If the envelope has a postmark made by the U.S. Postal Service in addition to a postmark not so made, the postmark that was not made by the U.S. Postal Service is disregarded, and whether the envelope was mailed in accordance with this paragraph (c)(1)(iii)(B) will be determined solely by applying the rule of paragraph (c)(1)(iii)(A) of this section [quoted below].

**[\*8]** Therefore, because the envelope was postmarked by the U.S. Postal Service and legibly so, any other postmark is to be disregarded, including the one from Stamps.com, which is not a U.S. Postal Service postmark. See Malekzad v. Commissioner, 76 T.C. at 966-967 (upholding the validity of an earlier version of section 301.7502-1(c)(1)(iii)(B)(3), Proced. & Admin. Regs.,[4] and concluding that a U.S. Postal Service postmark trumps a private postage meter mark as the latter is disregarded pursuant to the operative regulation).

Next, assuming without deciding that the petition was delivered to the post office on March 3, 2014, we must decide whether delivering the petition to the post office on the last day to file a petition is sufficient to deem the petition timely filed. Section 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs., provides:

> If the postmark on the envelope is made by the U.S. Postal Service, the postmark must bear a date on or before the last date \* \* \* prescribed for filing the document or making the payment. If the postmark does not bear a date on or before the last date \* \* \* prescribed for filing the document or making the payment, the document or payment is considered not to be timely filed or paid, regardless of when the document or payment is deposited in the mail. Accordingly, the sender who relies upon the applicability of section 7502 assumes the risk that the postmark will bear a date on or before the last date \* \* \* prescribed for filing the document or making the payment. See, however, paragraph (c)(2) of this section with respect

---

[4] That earlier version was sec. 301.7502-1(c)(1)(iii)(*b*), Proced. & Admin. Regs. Such section is substantively identical to sec. 301.7502-1(c)(1)(iii)(B)(3), Proced. & Admin. Regs., discussed above in the text.

**[\*9]** to the use of registered mail or certified mail to avoid this risk. * * * [Emphasis added].

Using registered or certified mail, the sender can obtain a postmarked receipt from the U.S. Postal Service that is evidence of timely mailing and hence timely filing. <u>See</u> sec. 7502(c); sec. 301.7502-1(c)(2), Proced. & Admin. Regs.; <u>see also</u> sec. 7502(f) (regarding the use of private delivery services). Section 301.7502-1(c)(2), Proced. & Admin. Regs., provides in relevant part as follows:

> If the document or payment is sent by U.S. registered mail, the date of registration of the document or payment is treated as the postmark date. If the document or payment is sent by U.S. certified mail and the sender's receipt is postmarked by the postal employee to whom the document or payment is presented, the date of the U.S. postmark on the receipt is treated as the postmark date of the document or payment. Accordingly, the risk that the document or payment will not be postmarked on the day that it is deposited in the mail may be eliminated by the use of registered or certified mail.

As previously stated, the petition was mailed using postage printed through Stamps.com. However, according to the third party who delivered the petition to the post office, the petition was deposited into a mail receptacle with no request that a certified mail receipt be postmarked by a U.S. Postal Service employee. As a result, petitioner is not entitled to any relief under section 301.7502-1(c)(2), Proced. & Admin. Regs. Rather, to paraphrase section 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs., quoted above, because the U.S. Postal Service postmark

**[\*10]** on the envelope does not bear a date on or before March 3, 2014, the petition is considered not timely filed regardless of when the petition was deposited in the mail.

Conclusion

Because the petition was not delivered or deemed delivered to the Court within the statutorily prescribed time, the Court lacks jurisdiction under sections 6213(a) and 7502 to redetermine the deficiency and penalty. Accordingly, we are obliged to grant respondent's motion to dismiss.

Despite our holding, petitioner may still be able to have his day in court by paying the determined amount, filing a claim for refund, and then (if the claim is denied or not acted on within six months) bringing a suit for refund in the appropriate Federal court. See McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970); see also Weber v. Commissioner, 138 T.C. 348, 366-367 (2012).

To give effect to the foregoing,

> An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered.