T.C. Memo. 2015-188

UNITED STATES TAX COURT

ROBERT H. TILDEN, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11089-15.                    Filed September 22, 2015.

P's petition for redetermination was delivered to the Court by
the U.S. Postal Service (USPS) 98 days after R mailed the notice of
deficiency. The envelope containing the petition bore a mailing label
generated by P that included a "postmark" by Stamps.com of the 90th
day. The envelope also bore a certified mail sticker with a tracking
number. Although the envelope did not bear a USPS postmark, USPS
Tracking data for the envelope, which data provides information
regarding the flow of mailpieces through the mail system from arrival
through delivery, reflected an arrival date of the 92d day and a
delivery date of the 98th day.

R filed a motion to dismiss for lack of jurisdiction on the
ground that the petition was not timely filed.

<u>Held</u>: The Stamps.com "postmark" is disregarded in favor of
USPS Tracking data. <u>Boultbee v. Commissioner</u>, T.C. Memo. 2011-
11; sec. 301.7502-1(c)(1)(iii)(B)(<u>3</u>), Proced. & Admin. Regs.

[*2]     <u>Held, further</u>, the petition was not timely mailed and was therefore not timely filed.  R's motion will be granted.

<u>Paul W. Jones</u>, for petitioner.

<u>Skyler K. Bradbury</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This action is one for redetermination of deficiencies and accuracy-related penalties for 2005 and 2010 through 2012.[1]  <u>See</u> secs. 6213(a), 6662(a), 6665(a); Rules 20(a), 34(a)(1).[2]

Presently pending before the Court is respondent's Motion To Dismiss For Lack Of Jurisdiction, filed June 8, 2015.  In his motion respondent moves to dismiss this case "upon the ground that the petition was not filed within the time prescribed by sections 6213(a) or 7502".  On June 30, 2015, petitioner filed a Response to respondent's motion.  In his Response petitioner objects to the granting of respondent's motion, arguing that a Stamps.com "postmark" is

---

[1] The sum of the deficiency and penalty placed in dispute does not exceed $50,000 for any of the four calendar years in issue.  <u>See</u> I.R.C. sec. 7443A(b)(3).

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] "evidence of a timely filed petition pursuant to Reg. §301.7502-1." The parties further elaborated on their respective positions, with respondent filing a Reply to petitioner's Response and petitioner filing a Response to respondent's Reply.

At the time that the petition was filed, petitioner resided in the State of Wisconsin.

## Background

On January 21, 2015, respondent sent by certified mail duplicate notices of deficiency to petitioner.[3] At least one, if not both, of the notices was received by petitioner.

The 90th day after the mailing of the notices of deficiency was April 21, 2015, which was a Tuesday and not a legal holiday in the District of Columbia.

Petitioner sought to challenge respondent's deficiency and penalty determinations by appealing to this Court. See sec. 6213(a). The "Petition For Redetermination Of Deficiency (Regular Tax Court Case)" was received by the

---

[3] Except as to the four-digit extension to the five-digit ZIP Code, one of the two addresses is the same as petitioner's current mailing address as alleged by him in paragraph 1 of his petition filed April 29, 2015.

Also, a copy of only one of the notices of deficiency is in the record, and it is dated January 21, 2015 (and not January 22, 2015, as alleged by respondent in the motion that is now before the Court).

**[*4]** Court in the late morning of Wednesday, April 29, 2015, and filed shortly before noon of that day.  The petition was sent via the U.S. Postal Service (USPS) by first-class mail.  The envelope containing the petition bears a mailing label generated by a clerical employee in the office of petitioner's counsel, which label includes a "postmark" by "Stamps.com" of April 21, 2015.[4]  The envelope also bears a certified mail sticker with a 20-digit tracking number.[5]  The envelope does not bear a USPS postmark.

Although petitioner is a resident of the State of Wisconsin, the office of petitioner's counsel is located in Salt Lake City, Utah.  A clerical employee in the office of petitioner's counsel mailed the envelope containing the petition at a post office in Salt Lake City.

---

[4] Stamps.com Inc. is a publicly traded company (NASDAQ: STMP) that is headquartered in El Segundo, California, and that provides Internet-based postage services.  The company's online postage service provides a user the ability to buy and print USPS-approved postage directly from the user's computer.  See http://www.stamps.com/company-info/.  "Simply log-in to Stamps.com, print your postage then drop your letters and packages into any mailbox, hand them to your postal carrier or schedule a USPS pick-up right through the software."  See http://www.stamps.com/postage-online/post-office/.

[5] It would appear that the certified mail sticker was applied to the envelope by the same clerical employee in the office of petitioner's counsel.  Regardless, PS Form 3800, Certified Mail Receipt, was not postmarked by a USPS employee.  Rather, a clerical employee in the office of petitioner's counsel handwrote the date "4/21/15" in the portion of the "receipt" where a USPS employee would otherwise have postmarked it.

[*5] The USPS web site (www.USPS.com) provides information regarding the flow of mailpieces through the mail system from arrival through delivery. Such information is made possible through tracking numbers that are assigned to individual mailpieces. As stated above, the envelope containing the petition in the instant case bears a 20-digit tracking number. Plugging that number into the tracking tool at the USPS web site (USPS Tracking, or formerly USPS Track & Confirm) yields tracking information regarding the mailpiece in question. Thus, the first entry reflects an arrival date and time of April 23, 2015, at 2:48 p.m. at a USPS facility in Salt Lake City, Utah 84199, and the last entry reflects a delivery date and time of April 29, 2015, at 11:02 a.m. at Washington, D.C. 20217. The latter ZIP Code, 20217, is the Court's dedicated ZIP Code.

As previously stated, respondent filed his Motion To Dismiss For Lack Of Jurisdiction on June 8, 2015. In his motion, respondent relies on USPS tracking information in arguing that the petition was not timely filed with the Court. Petitioner objects to the granting of the motion, and in his Response filed June 30, 2015, he argues that the envelope containing the petition "bears a postmark date within the time for filing". In support of that argument, petitioner cites section 301.7502-1(c)(1)(iii)(B), Proced. & Admin. Regs., for the proposition that a postmark "which, although not made by the U.S. Postal Service still complies with

**[\*6]** the timely mailing/timely filing rules of I.R.C. §7502." In his Reply filed July 21, 2015, respondent challenges petitioner's reliance on the regulation, and in his Response filed August 3, 2015, petitioner defends it.

## Discussion

The Tax Court is a court of limited jurisdiction, and it may exercise jurisdiction only to the extent authorized by Congress. See sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction to redetermine a deficiency in income tax depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside the United States) to file a petition with this Court for redetermination of the contested deficiency. Sec. 6213(a). By virtue of section 7502, a petition that is timely mailed may be deemed to be timely filed.

In the instant case there is no issue regarding the validity of the duplicate notices of deficiency, and the parties agree that whether the Court has, or lacks, jurisdiction turns on whether the petition was timely filed. The parties also agree

**[*7]** that the 90-day, and not the 150-day, filing window applies because neither notice was addressed to a person outside the United States.

It is clear that respondent sent the notices of deficiency to petitioner by certified mail on January 21, 2015, as demonstrated by the USPS Form 3877, Firm Mailing Book For Accountable Mail, that was attached as an exhibit to respondent's motion to dismiss. See Magazine v. Commissioner, 89 T.C. 321, 327 n.8 (1987) (holding that USPS Form 3877 represents direct evidence of the date of mailing of the notice of deficiency); see also Clough v. Commissioner, 119 T.C. 183, 187-188 (2002) (overruling various challenges by a taxpayer to the introduction into evidence of a certified mail list--the equivalent of a USPS Form 3877--by the Commissioner). The 90th day after the date of mailing was Tuesday, April 21, 2015, which was not a legal holiday in the District of Columbia. See sec. 7503. However, the petition was not received and filed by the Court until Wednesday, April 29, 2015, the 98th day after the date that the notices were mailed. Thus, the petition was not timely filed and respondent's motion must be granted unless the petition is deemed to have been timely filed by virtue of having been timely mailed.

**[*8]** A.  <u>Petitioner's Position</u>

Petitioner argues that the petition was timely mailed and therefore timely filed.  In that regard petitioner argues that the Stamps.com "postmark" appearing on the mailing label affixed to the envelope in which the petition was mailed constitutes a "postmark" that is governed by section 301.7502-1(c)(1)(iii)(B)(<u>1</u>), Proced. & Admin. Regs.  That section provides as follows:

> (B) Postmark made by other than U.S. Postal Service.--(1) In general.--If the postmark on the envelope is made other than by the U.S. Postal Service--
>> (i) The postmark so made must bear a legible date on or before the last date, or the last day of the period, prescribed for filing the document or making the payment; and
>> (ii) The document or payment must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document or payment contained in an envelope that is properly addressed, mailed, and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the U.S. Postal Service on the last date, or the last day of the period, prescribed for filing the document or mailing the payment.

B.  <u>Respondent's Position</u>

Respondent counters by arguing that "the Stamps.com shipping label used by petitioner in this case includes only the date of the purchase [and] does not indicate the place or date of sending or receipt."  In addition, respondent argues that the governing regulation is not the one relied on by petitioner but rather is

**[\*9]** section 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs., which provides

as follows:

> (B) Postmark made by other than U.S. Postal Service.--* * *
>     *      *      *      *      *      *      *
>     (2) Document or payment received late.--If a document or payment described in paragraph (c)(1)(iii)(B)(1) is received after the time when a document or payment so mailed and so postmarked by the U.S. Postal Service would ordinarily be received, the document or payment is treated as having been received at the time when a document or payment so mailed and so postmarked would ordinarily be received if the person who is required to file the document or make the payment establishes--
>     (i) That it was actually deposited in the U.S. mail before the last collection of mail from the place of deposit that was postmarked (except for the metered mail) by the U.S. Postal Service on or before the last date, or the last day of the period, prescribed for filing the document or making the payment;
>     (ii) That the delay in receiving the document or payment was due to a delay in the transmission of the U.S. mail; and
>     (iii) The cause of the delay.

In respondent's view, petitioner has failed to satisfy the three requirements of

section 301.7502-1(c)(1)(iii)(B)(2)(i) through (iii), Proced. & Admin. Regs. See,

e.g., Ernest v. Commissioner, T.C. Memo. 2002-23.

## C.  Analysis

In the Court's view, the jurisdictional issue for decision is controlled not by

section 301.7502-1(c)(1)(iii)(B)(1), Proced. & Admin. Regs., as argued by

petitioner, nor by section 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs., as

**[\*10]** argued by respondent, but rather by section 301.7502-1(c)(1)(iii)(B)(3), Proced. & Admin. Regs.  The latter section provides as follows:

> (3) U.S. and non-U.S. postmarks.--If the envelope has a postmark made by the U.S. Postal Service in addition to a postmark not so made, the postmark that was not made by the U.S. Postal Service is disregarded, and whether the envelope was mailed in accordance with this paragraph (c)(1)(iii)(B) will be determined solely by applying the rule of paragraph (c)(1)(iii)(A) of this section.

The "rule of paragraph (c)(1)(iii)(A) of this section" appears in section 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs., and, as immediately relevant, provides that the USPS postmark is conclusive in determining whether the document was timely mailed.[6]  See Sanchez v. Commissioner, T.C. Memo. 2014-223 (holding mark from Stamps.com disregarded in favor of USPS postmark).

Admittedly, in the instant case no postmark made by the USPS appears on the envelope in which the petition was mailed to the Court.  However, USPS Tracking (formerly USPS Track & Confirm) reflects that the envelope entered the U.S. mail system on April 23, 2015.  In Boultbee v. Commissioner, T.C. Memo. 2011-11, 2011 WL 94744, at \*5, the Court expressly decided that USPS Track &

---

[6] "If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document or making the payment, the document or payment is considered not to be timely filed or paid, regardless of when the document or payment is deposited in the mail."  Sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs. (emphasis added).

[*11] Confirm data, which represents "official records of the U.S. Postal Service", can serve as the functional equivalent of, or be tantamount to, a USPS postmark. See also sec. 7502(f) (regarding the treatment of private delivery services and the use of corporate records electronically written to a database as a postmark). After all, both USPS Tracking data and the more traditional postmark are products of the USPS, and nothing would suggest that the former is not as reliable and accurate as the latter when it comes to determining the time of mailing. See id. As we stated in Boultbee v. Commissioner, 2011 WL 94744, at *5, "The U.S. Postal Service Track and Confirm service provides reliable data from a neutral third-party source that is not susceptible to manipulation by the parties." See also Abeles v. Commissioner, 91 T.C. 1019, 1034-1035 (1988) (regarding adapting the law to reflect technological advancements).

Petitioner argues that USPS Tracking data does not accurately reflect either where or when the envelope first entered the USPS mailstream. But this is no different from the argument made in other cases that the USPS failed to promptly place a traditional postmark on an envelope containing a petition either because the postmarking was performed at a postal facility other than the one where the envelope was placed into the mailstream or because the USPS was dilatory in postmarking the envelope. E.g., Drake v. Commissioner, 554 F.2d 736 (5th Cir.

**[\*12]** 1977) (holding that a petition mailed on the 90th day from a post office in Galveston, Texas, but postmarked in Houston on the following day, which "regional" postmarking led to the delay in postmarking, was nevertheless untimely, thereby justifying the dismissal of the case), aff'g an unpublished order of this Court; Sanchez v. Commissioner, T.C. Memo. 2014-223 (holding that a postmark made by the USPS in Salt Lake City, Utah, was definitive notwithstanding the fact that the petition was mailed from Bountiful, Utah, some 10 miles distant).

As section 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs., makes clear, "the sender who relies upon the applicability of section 7502 assumes the risk that the postmark will bear a date on or before the last date, or the last day of the period, prescribed for filing the document".  The regulation goes on to advise that such risk may be avoided by using registered mail or by using certified mail and having the sender's receipt postmarked by the postal employee to whom the document is presented.  Similarly, section 301.7502-1(c)(2), Proced. & Admin. Regs., advises that "the risk that the document or payment will not be postmarked on the day that it is deposited in the mail may be eliminated by the use of registered or certified mail."  See Brown v. Commissioner, T.C. Memo. 1982-165 (holding that in the case of certified mail, such risk may be eliminated only if the

**[\*13]** sender's receipt is postmarked by a USPS employee). Such risk may also be avoided through the judicious use of a designated delivery service. See sec. 7502(f)(2)(C); sec. 301.7502-1(c)(3), Proced. & Admin. Regs.; Notice 2004-83, 2004-2 C.B. 1030.[7]

In the instant case, the "sender's receipt for certified mail" was not postmarked by a USPS employee but rather was handwritten by an employee of petitioner's counsel. Therefore, sending the petition by certified mail afforded petitioner no guarantee of a timely postmark, and he assumed the risk that the postmark would bear a date on or before the last day of the 90-day period prescribed for filing the petition. Unfortunately for petitioner, the Stamps.com "postmark" upon which he relies is superseded by USPS Tracking data, which tracking data serves as a postmark, see Boultbee v. Commissioner, T.C. Memo. 2011-11, and is therefore conclusive in determining whether the petition was timely mailed, see sec. 301.7502-1(c)(1)(iii)(B)(3), Proced. & Admin. Regs. In the instant case, USPS Tracking data demonstrates that the petition was not timely mailed.

---

[7] The substance of Notice 2004-83, 2004-2 C.B. 1030, now appears in Notice 2015-38, 2015-21 I.R.B. 984, which was effective May 6, 2015, after the petition in the instant case was filed.

**[\*14]**                                  <u>Conclusion</u>

The petition in this case was neither filed nor mailed within the requisite 90-day period.  Accordingly, the Court is constrained to grant respondent's motion to dismiss.  However, it bears mention that although petitioner cannot pursue his case in this Court, he is not without a judicial remedy.  Specifically, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and, if his claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims.  <u>See</u> <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 n.5 (1970); <u>see also</u> <u>Weber v. Commissioner</u>, 138 T.C. 348, 366-367 (2012).

To give effect to the foregoing,

<u>An order granting respondent's</u>

<u>motion and dismissing this case for lack</u>

<u>of jurisdiction will be entered</u>.